**Larry Wayne McGUIRE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17859.**

Court of Criminal Appeals of Oklahoma.

Dec. 27, 1972.

Whitaker, Boydston & Burris, Eufaula, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden III, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Larry Wayne McGuire, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of McIntosh County for the offenses of Driving While Under the Influence of Intoxicating Liquor and Transporting an Open Container of Liquor. His punishment was fixed at one hundred eighty (180) days in the County Jail and a fine of Two Hundred Fifty Dollars ($250.00) on the first charge and thirty (30) days in the County Jail and a fine of Fifty Dollars ($50.00) on the second charge. From said judgments and sentences, a timely appeal has been perfected to this Court.

Because of the proposition asserted, we do not deem it necessary to recite a detailed statement of facts. The cases were consolidated for trial and the evidence of the State adduced that on the 28th day of December 1971, two Eufaula Police Officers observed the defendant driving his station wagon in a reckless manner. Upon stopping the defendant, they observed that he was intoxicated and found an open container of liquor in his boot. The defendant consented to take a blood test and was taken to a nursing home where a licensed practical nurse drew a sample of blood from him. The blood sample was sent to the Oklahoma State Bureau of Investigation whereupon a chemical analysis of the blood sample was conducted. The State chemist testified that the blood alcohol content was .17.

For the defense, several members of the defendant's immediate family testified that the defendant was not intoxicated and was not driving recklessly. The defendant testified that he drank two beers and that the bottle found in his boot had not been opened when found by the police officers. The defendant admitted "probably twenty" convictions of which fourteen or fifteen involved drinking offenses.

The sole proposition asserts that the trial court erred in not sustaining defendant's motion to suppress the evidence of the blood test. Under this proposition, defendant argues that the person who drew the blood from his arm was a licensed practical nurse and was therefore not a qualified person under the provisions of 47 O.S., § 752. We are of the opinion that the trial court properly overruled defendant's motion to suppress. Title 47, Section 752 provides, in part, as follows:

"Only a licensed medical doctor, osteopathic physician, *qualified technician*, technologist, or registered nurse acting at the request of a law enforcement officer may withdraw blood for purpose of determining the alcoholic content therein. This limitation shall not apply to the taking of breath specimens. The person tested may have a physician or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer, * * *." (Emphasis added)

At the hearing on the motion to suppress, Leola Crabtree testified that she was a licensed practical nurse both in the State of Oklahoma and the State of California and had been for approximately sixteen years. She testified that she had twenty-eight months of training, which included the taking of blood samples. She withdrew the blood from the defendant at the direction of Dr. J. H. Baker.

We are of the opinion that a person with Nurse Crabtree's training and experience would fall under the "qualified technician" category of 47 O.S., § 752. The judgments and sentences are, accordingly, affirmed.

BLISS and BRETT, JJ., concur.