STATE OF NEBRASKA, APPELLEE, V. BRADLEY A. STEIN, APPELLANT.
486 N.W.2d 921

Filed August 7, 1992.   No. S-91-441.

Phillip G. Wright and Casey J. Quinn, of Quinn & Wright, for appellant.

Don Stenberg, Attorney General, and Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The defendant, Bradley A. Stein, was convicted of operating a motor vehicle while under the influence of alcoholic liquor and was sentenced to probation for 180 days, was fined $100 and costs, and had his driver's license suspended for 60 days. Upon appeal to the district court, the judgment was affirmed. The defendant has now appealed to this court and contends that the trial court erred in overruling his motion to suppress the results of his blood test and in receiving the blood test results in evidence over objection.

On June 8, 1990, at approximately 1:30 a.m., the defendant was stopped by an officer of the Omaha Police Division because he was exceeding the speed limit by 18 miles per hour. The officer noticed a strong odor of alcohol about the defendant and that his eyes were bloodshot, so he requested the defendant to perform certain field sobriety tests. Based upon the defendant's performance of the field sobriety tests, the officer arrested the defendant for driving while under the influence. The defendant consented to giving a blood sample and subsequently was transported to Methodist Hospital for the purpose of obtaining a blood test to determine his blood alcohol content.

Patricia Maca, a medical technologist at Methodist Hospital, drew a sample of the defendant's blood. A chemical analysis of the sample by Bill Ihm, who holds a Class A permit or license to use a gas chromatograph to test blood for alcohol concentration, showed that the defendant had .12 grams of alcohol per 100 milliliters of blood.

The defendant filed a motion to suppress the result of the blood test. The motion alleged that the blood test was not done in conformity with the rules and regulations promulgated by

the Nebraska Department of Health in Neb. Admin. Code tit. 177, ch. 1 (1987). The motion to suppress was overruled, and the results of the blood test were received in evidence at the trial over the defendant's objection.

The defendant argues that his blood sample was not drawn by a person authorized to do so, pursuant to Neb. Rev. Stat. §§ 39-669.14 and 39-669.11 (Cum. Supp. 1990).

Section 39-669.14 provides:

> Any person arrested for any offense involving the operation or actual physical control of a motor vehicle while under the influence of alcoholic liquor or drugs shall be required to submit to a chemical test or tests of his or her blood, breath, or urine as provided in section 39-669.08 . . . . Only a physician, registered nurse, or qualified technician acting at the request of a law enforcement officer may withdraw blood for the purpose of determining the alcoholic or drug content therein, but this limitation shall not apply to the taking of a urine or breath specimen.

Section 39-669.11 provides in part:

> Any test made under the provisions of section 39-669.08, if made in conformity with the requirements of this section, shall be competent evidence in any prosecution under a state statute or city or village ordinance involving operating a motor vehicle while under the influence of alcoholic liquor or drugs or involving driving or being in actual physical control of a motor vehicle when the concentration of alcohol in the blood, breath, or urine is in excess of allowable levels, in violation of section 39-669.07 or a city or village ordinance. Tests to be considered valid shall be performed according to methods approved by the Department of Health and by an individual possessing a valid permit issued by such department for such purpose. The department is authorized to approve satisfactory techniques or methods and to ascertain the qualifications and competence of individuals to perform such tests and to issue permits which shall be subject to termination or revocation at the discretion of the department.

It is important to note that § 39-669.14 does not define the term "qualified technician" and that the requirement in § 39-669.11 of a valid permit issued by the Department of Health applies only to the individual performing the test or analysis of the sample of bodily fluid, not to the individual withdrawing blood from the defendant.

At the hearing on the motion to suppress, Dr. Gerald R. Schenken, a certified pathologist who is the president of the Pathology Center of Methodist Hospital, testified that the terms "medical technologist" or "certified medical technologist" refer to persons with college training at the bachelor's level whose jobs include drawing blood. The Pathology Center functions as the laboratory for Methodist Hospital, and Maca has been employed there for more than 10 years.

Maca testified that she has a bachelor of science degree in medical technology from the University of Nebraska Medical Center. She has been, after examination, certified by the American Society for Clinical Pathologists. Her training included taking blood samples, and at one time, 70 to 80 percent of her time was spent drawing blood. For 10 years, Maca has taken blood samples an average of 15 to 30 times per night, for a total number of samples gathered well into the thousands.

At the trial, Maca admitted that she does not hold a license from the Department of Health and that she does not have a permit issued by the Department of Health which authorizes her to withdraw blood.

The defendant contends that Maca was not a qualified technician as provided in § 39-669.14 because she did not possess a permit from the Department of Health which authorized her to draw blood for the purposes of the statute.

In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning. When the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *State v. Matthews*, 237 Neb. 300, 465 N.W.2d 763 (1991). In construing a statute, it is presumed that the Legislature intended a sensible, rather than an absurd,

result. *Weimer v. Amen*, 235 Neb. 287, 455 N.W.2d 145 (1990).

Webster's New Collegiate Dictionary 943-44 (1973) defines qualified as "a : fitted (as by training or experience) for a given purpose : COMPETENT b : having complied with the specific requirements or precedent conditions (as for an office or employment)." Technician is defined as "1 : a specialist in the technical details of a subject or occupation . . . 2 : one who has acquired the technique of an art or other area of specialization." *Id.* at 1197.

Since the statute does not define the term "qualified technician," and there is no procedure by which an individual withdrawing blood for the purpose of a test under § 39-669.14 can obtain a permit or license for that purpose from the Department of Health, it is a question of fact as to whether any particular individual is a qualified technician under the statute.

Several other jurisdictions with statutes similar to § 39-669.14 have considered whether a person who withdrew blood in order to determine blood alcohol content was qualified to do so. In *State v. Taylor*, 483 So. 2d 250 (La. App. 1986), the court held that no permit or license is required for a qualified technician to withdraw blood for the purpose of determining the alcoholic content therein.

"The only requirement to be met by a person (not a physician, [or] registered nurse . . .) withdrawing blood is that he [or she] be a 'qualified technician.' " *Id.* at 252. See, also, *Gooch v. State*, 155 Ga. App. 708, 272 S.E.2d 572 (1980) (full-time employee of medical center, whose only job was to draw blood, who had trained at the center to perform this function, and who drew blood from approximately 50 people a day, was a qualified person within the meaning of the statute); *State v. Winquist*, 247 N.W.2d 256, 259 (Iowa 1976) ("The question is one of training in withdrawal of blood. Unlike the situation of physicians and registered nurses, the Code does not provide for state licensing of medical technologists. Nor do statutory educational or training standards exist. The test to determine whether a person holding himself out as a medical technologist is a medical technologist within the meaning of [the statute] is whether a satisfactory showing can be made that he has sufficient training in the withdrawal of blood to

accomplish the legislative objectives of protecting the individual's health, guarding against infection and pain, and assuring the accuracy of the test, all in accordance with accepted medical standards. . . . The concern is with the competence of the person withdrawing the blood rather than with an occupational label he may have been awarded by a private association"); *State v. Carter*, 202 Kan. 63, 446 P.2d 759 (1968) (resident doctor who was a foreign medical school graduate was a "qualified medical technician"); *State v. Bailey*, 76 N.C. App. 610, 334 S.E.2d 266 (1985) (medical laboratory technologist who had a degree in medical laboratory technology with over 3 years' experience as a technologist and whose normal duties consisted of drawing blood was a "qualified person" to withdraw blood sample to be used to determine defendant's blood alcohol concentration); *McGuire v. State*, 504 P.2d 1247 (Okla. Crim. App. 1972) (practical nurse with 28 months of training, which included the taking of blood samples, was "qualified technician" for purposes of statute).

The evidence in this case shows that Maca was a qualified technician for the purpose of the statute by both training and experience. The record shows that Maca possesses a bachelor of science degree in medical technology. She has been certified by the American Society for Clinical Pathologists. She has worked at the Pathology Center for over 10 years and has drawn thousands of blood samples. Her training and experience clearly show that she is qualified to withdraw blood for the purpose of determining the alcoholic content under the statute.

The defendant has cited an opinion of the Attorney General dated October 2, 1990, and addressed to the director of the Department of Health. The purpose of the opinion appears to have been to advise the director that § 39-669.14 does not authorize the department to issue licenses or permits to individuals for the purpose of withdrawing blood for analysis under the statute to determine alcoholic content. In the course of the opinion, the Attorney General stated that "Neb.Rev.Stat. § 39-669.14 does not recognize that unlicensed individuals may withdraw blood." Op. No. 36, Rep. of the Att'y Gen. of Neb. 2 (Oct. 2, 1990). To the extent that the quoted statement conflicts with this court's opinion, it was in

error.

If we were to adopt the defendant's view of the statute, we would reach an absurd result by concluding that there cannot be a "qualified technician" under the statute because the Nebraska Department of Health does not license individuals to withdraw blood for the purpose of analysis under the statute.

We conclude that the trial court did not err in overruling the motion to suppress and that the results of the blood test were properly received in evidence.

The Legislature has amended § 39-669.14, effective January 1, 1993, to read:

> Only a physician, registered nurse, or other trained person employed by a licensed institution or facility which is defined in section 71-2017.01 or clinical laboratory certified pursuant to the Nebraska Clinical Laboratories Certification Act, the federal Clinical Laboratory Improvement Act of 1967, as amended, or Title XVIII or XIX of the federal Social Security Act to withdraw human blood for scientific or medical purposes, acting at the request of a law enforcement officer, may withdraw blood for the purpose of determining the concentration of alcohol or the presence of drugs, but this limitation shall not apply to the taking of a urine or breath specimen.

1992 Neb. Laws, L.B. 291, § 8.

Furthermore, by amending § 39-669.11 the Legislature has made it clear that a permit or license from the Department of Health is not required for a qualified person to withdraw blood for purposes of testing for blood alcohol concentration. That section will now read:

> To be considered valid, tests of blood, breath, or urine made under section 39-669.08 shall be performed according to methods approved by the Department of Health and by an individual possessing a valid permit issued by such department for such purpose, except that a physician, registered nurse, or other trained person employed by a licensed institution or facility which is defined in section 71-2017.01 or clinical laboratory certified pursuant to the Nebraska Clinical Laboratories Certification Act, the federal Clinical Laboratory

Improvement Act of 1967, as amended, or Title XVIII or XIX of the federal Social Security Act to withdraw human blood for scientific or medical purposes, acting at the request of a law enforcement officer, may withdraw blood for the purpose of a test to determine the alcohol concentration or the presence of drugs and no permit from the department shall be required for such person to withdraw blood pursuant to such an order. . . .

1992 Neb. Laws, L.B. 291, § 6.

The judgment is affirmed.

AFFIRMED.