REQUESTED BY: Mary A. Harding, Executive Director Nebraska Environmental Trust
You have requested our opinion on the interpretation of a provision of the Nebraska Environmental Trust Act (the "Act"). Neb. Rev. Stat. §§ 81-15,167 to 81-15,176 (1994). The Act provides that the Nebraska Environmental Trust Board (the "board") shall award monetary grants for projects which have merit and meet certain environmental priorities. The applications or grant proposals received by the board are to be ranked according to a rating system established by the board.
Your question concerns the interpretation of § 81-15,175
(3) which provides that "results of the annual rating of proposals shall guide the board's allocation of funds, except that the board may assign a higher rating to any proposal with an affirmative vote of eleven members." You state that your understanding of this statutory provision is that the only way in which the board may alter the annual list or ranking of proposals is by assigning a higher rating to a particular proposal and that the board may not alter the list by changing the level of funding for a given project or by assigning a lower rating to a particular project. For the reasons stated below, we agree with the board's position.
We have reviewed both the Act and the rules and regulations adopted by the board. The board has been given the authority to adopt rules and regulations to implement the Nebraska Environmental Trust Act and to govern allocations from the fund. Neb. Rev. Stat. §§ 81-15,173 (2) and 81-15,175 (4). Regulations properly promulgated under the Administrative Procedure Act have the force of law. Nucor Steel v. Leuenberger,233 Neb. 863, 448 N.W.2d 909 (1989).
Our review reveals that the annual allocation of funds is a three step process. The first step is to determine the eligibility of all proposals submitted to the board. The proposed projects must conform to the environmental priorities established by the board pursuant to § 81-15,176 (3) and 137 NAC 2 (1995) and must be consistent with the criteria for eligibility found at § 81-15,176 (2) and 137 NAC 4 (1994). The regulations provide that all applications will first be reviewed by the eligibility and rating subcommittee which will make the following recommendations to the board: a recommendation of approval or rejection of the project for funding eligibility, a recommended degree of assistance for the project if it is found eligible and receives sufficient ranking to permit funding and any conditions which the subcommittee recommends be placed on the project. The final determinations as to eligibility for financial assistance and as to the total amount of money for which the project is eligible are then made by the board. 137 NAC 5 §§ 002 and 005 (1995 and 1994).
The second step in the process is to rank the eligible projects. The board has established a project ranking system in which points are assigned to each project based on a number of considerations. Neb. Rev. Stat. § 81-15,176 (2) and 137 NAC 6 (1994). Again, the preliminary ranking is performed by the eligibility and ranking subcommittee which provides a list of eligible projects with the highest scoring project at the top of the list along with the number of points scored for each project. The Board may then adopt or revise and adopt the subcommittee report. 137 NAC 7 (1995).
The third step in the process is to conduct a public hearing concerning the proposed funding list. The board takes action on actual funding after the public hearing is conducted. It is at this point that the board appears to be bound by its earlier determination of the number of points to be assigned to each proposal and the amount of funding suggested to be approved. As previously stated the only statutory exception is found at Neb. Rev. Stat. § 81-15,176 (3) which provides that the board may assign a higher rating to a particular proposal with an affirmative vote of eleven members of the board. In the absence of anything indicating to the contrary, statutory language should be given its plain and ordinary meaning. State v. Stein, 241 Neb. 225,486 N.W.2d 921 (1992).
We conclude that your understanding of this statutory provision is correct. At this stage of the funding process the board may assign a higher number of points to a particular proposal but may not change the level of funding or assign a lower number of points.
Sincerely,
 DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General
Approved By:
Don Stenberg 
Attorney General