STATE OF NEBRASKA, APPELLEE, V. JOHN R. WHITE, APPELLANT.
371 N.W.2d 262

Filed July 26, 1985. No. 84-823.

James Martin Davis of Dolan, Davis & Gleason, for appellant.

Robert M. Spire, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

John R. White was charged in a five-count information in the district court for Douglas County, Nebraska. The charges were as follows: count I, possession with intent to deliver a controlled substance, marijuana; count II, possession with intent to deliver a controlled substance, cocaine; count III, possession with intent to deliver a controlled substance, hashish; count IV, possession with intent to deliver a controlled substance, methaqualone; and count V, possession of a controlled substance, hashish; all in violation of Neb. Rev. Stat. §§ 28-416(1)(a) and 28-416(3) (Cum. Supp. 1984). Following trial, White was convicted on all five counts and sentenced to imprisonment in the Nebraska Penal and Correctional Complex for a period of not less than 3 nor more than 5 years on each count, the sentences to be served concurrently. He now appeals to this court from that

conviction, maintaining that the conviction should be set aside due to three errors committed during the course of the trial. The three errors alleged by White are: (1) The district court committed error by admitting wiretap evidence when the order authorizing the electronic surveillance did not contain a provision that the authorization to intercept must terminate upon the attainment of the authorized objective, as required by Neb. Rev. Stat. § 86-705(6) (Reissue 1981); (2) The district court committed error by admitting wiretap evidence where the wiretap interception was conducted in such a way as to fail to minimize the interception of communications not subject to the order; and (3) The district court committed error by admitting wiretap evidence where the interim reports filed with the court pursuant to its order intentionally or recklessly misrepresented information concerning the actual status of the wiretap and that erroneous information was contained in the application for an extension of the wiretap.

These three assignments were previously presented to a single judge of this court, pursuant to the provisions of Neb. Rev. Stat. § 29-824 (Reissue 1979), and rejected. See *State v. Whitmore, White, and Henderson*, 215 Neb. 560, 340 N.W.2d 134 (1983). Because the issues raised by White in this appeal, following a trial on the merits, are identical with the issues raised by White before the single judge of this court and because we are in complete accord with the opinion rendered by the single judge, there is little purpose for us to merely repeat *in extenso* the holdings of the single judge. The earlier decision, though a decision by one judge of this court and therefore not binding on the court or eligible to be cited as precedent, is correct in all respects. For that reason we therefore merely adopt by reference the one-judge opinion previously decided and reported at 215 Neb. 560, 340 N.W.2d 134 (1983), as the opinion of the entire court. See, also, *State v. Brennen*, 218 Neb. 454, 356 N.W.2d 861 (1984). On that basis, therefore, the assignments of error raised by White in this appeal must be overruled. The judgment is affirmed.

AFFIRMED.