JAMES H. SORENSEN, APPELLANT, V. CITY OF OMAHA, PUBLIC SAFETY/FIRE DIVISION, APPELLEE.

430 N.W.2d 696

Filed October 28, 1988.   No. 88-130.

Ronald L. Brown, of Brown Law Offices, P.C., for appellant.

Herbert M. Fitle, Omaha City Attorney, and Jo A. Bennett for appellee.

HASTINGS, C.J., WHITE, CAPORALE, and FAHRNBRUCH, JJ., and REAGAN, D.J.

WHITE, J.

James H. Sorensen appeals an order of dismissal entered by a three-judge panel of the Nebraska Workers' Compensation Court after rehearing.

Appellant was a 21-year veteran of the City of Omaha fire division who held the rank of firefighter until he took the examination for the position of captain. He was selected from the eligibility list as a probationary captain on December 31, 1985. Pursuant to city ordinance and the contract between the City of Omaha and the Professional Firefighters Association of Omaha, Local 385, appellant was required to serve a 6-month probationary period. On satisfactory completion of the probationary period, appellant's promotion to captain was to be confirmed. On June 26, 1986, shortly before the completion of the probationary period, appellant was notified of his demotion. After reconsideration by his superiors, appellant was reappointed to a second 6-month probationary period as captain. Approximately 2 months into the second probationary period, on August 28, appellant left his job because of "harassment," "pressure," and "stress" he experienced as a result of his failure to be confirmed as a fire captain, and because of the supervision and treatment afforded to him by supervisors during both probationary periods.

Following his demotion in June of 1986, appellant was treated by his family doctor for stress and "epigastric problems with nausea, abdominal pain." In a deposition taken in October 1987, appellant's doctor testified that appellant specifically suffered from stomach pain, nausea, vomiting, psychomotor retardation, and rectal bleeding. The doctor prescribed Tagamet for epigastric pain and symptoms, and Phenergan for insomnia. It was the doctor's opinion that appellant's physical

symptoms were related to job stress and that appellant was totally disabled from August 28, 1986, through the date of deposition.

The record discloses that appellant also saw the city's psychologist and a private psychologist for emotional difficulties.

On January 2, 1987, appellant filed a petition in the Nebraska Workers' Compensation Court, alleging he had suffered a stress-related physical and psychological injury in the course of his employment. The Workers' Compensation Court found the following:

> On June 29 [sic], 1986, the plaintiff was in the employ of the defendant as a probationary captain of the fire division, and while so employed and on said date and while engaged in the duties of his employment he suffered gastritis and injury to his psyche as a result of an accident or occupational disease arising out of and in the course of his employment by the defendant when, at the end of plaintiff's probationary period, he was advised by his superiors that his promotion was to be rescinded or not confirmed. As a result of said accident and injury, the plaintiff incurred medical and hospital expense and was totally disabled . . . [and] is still temporarily totally disabled and will remain temporarily totally disabled for an indefinite future period of time.

Accordingly, the court awarded appellant medical expenses and temporary disability compensation.

On rehearing, a three-judge panel of the Workers' Compensation Court reversed the award and dismissed appellant's petition. Citing *Bekelski v. Neal Co.*, 141 Neb. 657, 4 N.W.2d 741 (1942), the court stated:

> Plaintiff's primary complaints are emotional. He further complains of abdominal pains. . . .
>
> In this case the plaintiff failed to establish violence to the physical structure of the body as a result of an accident arising out of and in the course of his employment with the defendant and his petition must therefore be dismissed.

Appellant's sole assignment of error is that the rehearing panel of the Workers' Compensation Court erred in concluding

that appellant had not sustained an accidental injury as that term is defined by Neb. Rev. Stat. § 48-151(2) and (4) (Reissue 1984).

We note initially that the question presented is one of statutory interpretation. Statutory interpretation is a matter of law in connection with which this court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *State v. Beerbohm*, 229 Neb. 439, 427 N.W.2d 75 (1988).

In order to recover compensation under the Nebraska workers' compensation law, an employee must show he or she suffered a personal injury caused by an accident arising out of and in the course of his or her employment. See Neb. Rev. Stat. § 48-101 (Reissue 1984). In this case, the only issue is whether the appellant has met his burden of proving an "injury" as the term is currently defined in the Nebraska workers' compensation law.

There is no dispute regarding the fact that mental stimulus rather than physical trauma caused appellant's injury. A similar case dealing with mental stimulus producing injury is *Bekelski v. Neal Co., supra*. There, this court, interpreting the former but substantially similar version of § 48-151, held that for a plaintiff to recover, he or she had to prove (1) an unexpected or unforeseen event, happening suddenly and violently, (2) producing at the time objective symptoms of injury and (3) violence to the physical structure of the body. We find that appellant has not met his burden of establishing violence to the physical structure of the body and therefore decline to address the first two elements, except to note that appellant's ailments clearly meet the second requirement, of objective symptoms of injury. *Bekelski v. Neal Co., supra*.

With regard to the third element, the court in *Bekelski* said that the statutory language

indicates a clear distinction between physical and bodily injury on the one hand and mental, nervous and psychiatric injury unaccompanied by violence to the physical structure of the body on the other. The plain import of the words used eliminates from the operation of the law disabilities resulting from mental disturbances,

> nervousness and psychiatric ailments when violence to the
> physical structure of the body cannot be established.

*Id.* at 660, 4 N.W.2d at 743. The court reversed plaintiff's award on the grounds that she failed to demonstrate damage to the physical structure of her body.

In *Johnston v. State*, 219 Neb. 457, 364 N.W.2d 1 (1985), this court distinguished *Bekelski* on the facts, but also implicitly reaffirmed the principles set out in that case. The plaintiff in *Johnston*, unlike the plaintiff in *Bekelski*, suffered physical trauma and mental stimulus which induced a physical injury, namely "minimal superficial erosions of the lower esophagus and minimal superficial erosion of the duodenal bulb." *Johnston* at 459, 364 N.W.2d at 3.

Therefore, in order to demonstrate violence to the physical structure of the body, the appellant in this case had to produce at least some minimal evidence of actual physical injury, external or internal. The record indicates no such evidence. Commonsense tells us that appellant's ailments were probably the products of physical injury, possibly an ulcer, but the appellant has failed to meet his evidentiary burden showing an actual injury such as a minimal superficial erosion of the lower esophagus.

Appellant urges this court to adopt the approach noted by Professor Arthur Larson, by characterizing his injury as a mental-physical claim, and attempts to convince the court of its compensability as such. Larson has summarized cases dealing with mental stimulus producing physical injury. 1B A. Larson, The Law of Workmen's Compensation § 42.21(a) (1987). The general trend, as highlighted by these cases, demonstrates a two-step analysis. For the injury to be compensable, the plaintiff must prove (1) a mental stimulus (2) which resulted in a distinct physical injury.

We decline to adopt this approach. As this court stated in *Bekelski*, our statute is plain on its face and requires the appellant to go through a three-step analysis in order to prove that his injury is compensable under the Nebraska workers' compensation statutes. In addition, the cases cited by Larson which use a two-step analysis approach to mental-physical claims seem to require proof of an actual physical injury such as

an ulcer, heart attack, or stroke; the same burden of proof we require to establish violence to the body. Therefore, even if this court were to adopt the approach set out in Larson, appellant's claim still would fail for want of evidence.

Accordingly, the decision of the rehearing panel of the Nebraska Workers' Compensation Court is affirmed.

AFFIRMED.