STATE OF NEBRASKA, APPELLEE, V. MICHAEL W. EGGER,
APPELLANT.

467 N.W.2d 411

Filed March 29, 1991.   No. 90-110.

Peter K. Blakeslee for appellant.

Robert M. Spire, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

WHITE, J.

Michael W. Egger appeals from a sentence imposed upon him following a remand from this court. We affirm the decision of the district court as modified.

Egger was convicted by a jury in Saline County of two felonies—making a terroristic threat and using a firearm to commit a felony. He was sentenced to 2 years in prison, with credit for 5 days served. The judge ordered the sentence to be served concurrently with that for another charge filed, a misdemeanor theft, if the misdemeanor was affirmed on appeal.

The felony charges were appealed to this court. In *State v. Egger*, 234 Neb. 175, 449 N.W.2d 558 (1989), we remanded to the district court for resentencing, after finding that the court had not sentenced Egger to a separate consecutive term on the firearm charge, as required by Neb. Rev. Stat. § 28-1205(3)

(Reissue 1989). See, also, *State v. Stratton*, 220 Neb. 854, 374 N.W.2d 31 (1985).

On resentencing, the judge imposed a 2-year sentence for each offense, but failed to give the appellant credit for time served. No new evidence was presented by the prosecution, and Egger presented only testimony from his employer as to his work history. Egger now appeals that decision, assigning as error the imposition of an increased sentence without providing valid reasons for the greater penalty.

Under Nebraska law, making a terroristic threat is a Class IV felony, which is punishable by up to 5 years in prison, up to a $10,000 fine, or both. See Neb. Rev. Stat. §§ 28-311.01 (Reissue 1989) and 28-105(1) (Reissue 1985). Use of a firearm to commit a felony is a Class III felony, which is punishable by 1 to 20 years in prison, a fine of up to $25,000, or both. See §§ 28-1205 and 28-105(1). Therefore, Egger could legally have been sentenced to 1 to 25 years in prison, a fine of up to $35,000, or both. "In an oft-stated rule, we have held that an order imposing a sentence within the statutorily prescribed limits will not be disturbed on appeal absent an abuse of discretion." *State v. Dean, ante* p. 65, 76, 464 N.W.2d 782, 790 (1991); *State v. Valdez*, 236 Neb. 627, 463 N.W.2d 326 (1990). Judicial abuse of discretion "means that the reasons or rulings of the trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition." *State v. Trevino*, 230 Neb. 494, 499, 432 N.W.2d 503, 509-10 (1988). No evidence has been presented to indicate that the judge abused his discretion in imposing the greater prison term on Egger upon resentencing. The district court stated on the record that the resentencing was pursuant to the order of this court. The evidence is clear that the district court was simply following the directions of this court in correcting the original sentence to provide for consecutive terms.

The appellant argues that his sentences are in error because, under *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), a judge who imposes a greater sentence after a new trial must provide reasons which affirmatively appear on the record. *Pearce* is intended to prevent a trial judge

from imposing a vindictive sentence against the defendant for exercising his constitutional right to appeal.

However, Egger's case differs from *Pearce*. On appeal, in *Pearce*, the defendant's original conviction was set aside for constitutional deficiencies. Egger was unsuccessful in his appeal—his sentence for the making of a terroristic threat was not reversed, modified, or overturned, nor was a retrial ordered. The cause was remanded merely to comply with statutory requirements for imposition of a consecutive sentence on the firearm charge.

Nor did Egger have a retrial, as did the defendant in *Pearce*. Egger's second sentence was imposed on rehearing and was actually the first legally correct sentence. The second sentence was within the statutory boundaries, and no reasons for it were required to be placed on the record. We do not find that *Pearce* is applicable to this case.

"On direct appeal this court has the power to remand for a lawful sentence where the one pronounced was erroneous or void as being beyond the power of the trial court to pronounce and where the accused himself or herself invoked appellate jurisdiction for the correction of errors." *State v. Wren*, 234 Neb. 291, 294, 450 N.W.2d 684, 687 (1990); *State v. Gaston*, 191 Neb. 121, 214 N.W.2d 376 (1974).

Because the *Pearce* case is not applicable here, and the second sentence imposed falls within the statutory limits for felonies, the resentencing is affirmed, with the exception that the district court is directed to reinstate 5 days' credit for time served by the defendant.

AFFIRMED AS MODIFIED.