STATE OF NEBRASKA, APPELLEE, V. DONALD A. BROHIMER, APPELLANT.
468 N.W.2d 623

Filed May 3, 1991.   No. 90-716.

I

Clarence E. Mock, of Johnson and Mock, for appellant.

Don Stenberg, Attorney General, and Barry Waid for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

After being charged by plaintiff-appellee State with first degree murder and the use of a deadly weapon in the commission of a felony, the defendant-appellant, Donald A. Brohimer, pled no contest to and was adjudged guilty of manslaughter and of using a firearm to commit a felony. He was thereafter sentenced to imprisonment for a period of not less than 6 years 8 months nor more than 20 years for the manslaughter conviction and to a consecutive term of 5 years for the use of a firearm conviction. In addition, Brohimer was ordered to pay $7,780.72 in restitution. Brohimer claims that his sentence is excessive and that the restitution requirement is in part unlawful. We affirm in part, and in part vacate and remand with direction.

There is no merit to the claim the sentence is excessive. Brohimer's 23-year marriage to his wife ended by a decree of dissolution dated June 26, 1989. During the following months, Brohimer continued to monitor his former wife's activities and experienced conflicts with her and her friend, the decedent, Freddy M. Baumwart. On the night of January 19, 1990, Brohimer had called his former wife's home and reported to her sister that he had some money for his former wife, part of the proceeds of a house sale. Later, he called his daughter and made the same report. He also wanted his former wife to sign an Internal Revenue Service form. After doing some drinking, he, sometime after midnight on January 20, started to drive to his former wife's home. En route, he encountered a truck occupied by his former wife and the decedent. A chase instituted by the decedent resulted in a confrontation between the two men,

during which Brohimer fired a shot which missed decedent. Brohimer then repumped his gun and shot decedent in the back of his head while decedent was walking away.

As we repeatedly reaffirm, a sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Egger*, 237 Neb. 688, 467 N.W.2d 411 (1991). Both of the offenses of which Brohimer stands convicted are Class III felonies, Neb. Rev. Stat. §§ 28-305 and 28-1205 (Reissue 1989), punishable by imprisonment for a period of from 1 to 20 years, a $25,000 fine, or both such imprisonment and fine, Neb. Rev. Stat. § 28-105 (Reissue 1989). The prison sentences imposed are within the statutory limits and the nature of the offenses such that the sentences cannot be said to constitute an abuse of discretion, notwithstanding Brohimer's military service, college degree, good work record, and absence of prior violent crime, save for the violence he practiced on his former wife during the early years of their marriage.

The restitution claim, however, is another matter. Neb. Rev. Stat. § 29-2280 (Reissue 1989) provides that a defendant can be ordered to "make restitution for the actual physical injury or property damage or loss sustained by the victim as a direct result of the offense for which the defendant has been convicted."

Brohimer asserts the district court erred by including the following in the amount of restitution he was ordered to pay: $1,829.62 for attorney fees, $100 for a contribution to a firemen's auxiliary (decedent had been a firefighter), and $272 for garage rental. Neither party directs us to anything in the record which explains the attorney fees or garage rental. What we do know is that in the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning and that when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *State v. Matthews*, 237 Neb. 300, 465 N.W.2d 763 (1991).

The portions of the record called to our attention do not permit us to find that any of the items complained of were the result of "the actual physical injury or property damage or loss

sustained by the [decedent] as a direct result of the offense for which [Brohimer] has been convicted." The decedent's estate could not have become responsible for any attorney fees in the prosecution of this case, for prosecution was the sole responsibility of the State; charitable contributions may not be forced upon Brohimer; and simply establishing that rental expense was incurred does not demonstrate that the expense came about as a direct result of the subject offenses.

Consequently, we affirm the convictions and sentences imposed, but vacate the order of restitution and remand the cause with the direction that restitution be recomputed in accordance with this opinion.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED WITH DIRECTION.