STATE OF NEBRASKA, APPELLANT, V. DORETHA R. CHAMBERS, APPELLEE.

493 N. W. 2d 328

Filed December 24, 1992.   No. S-92-505.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This matter is before us on the recommendation for publication of an opinion of a single judge of the Nebraska Court of Appeals reversing the suppression order of the district court.

Neb. Rev. Stat. § 29-824 (Cum. Supp. 1992) provides, in pertinent part, that the State "shall have the right to appeal from an order granting a motion . . . to suppress evidence . . . . The review shall be made by *a judge* of the Court of Appeals at chambers . . . ." (Emphasis supplied.) The relevant portion of Neb. Rev. Stat. § 24-1104(1) (Cum. Supp. 1992) reads: "Decisions of the *Court of Appeals* . . . shall not be published unless . . . ordered by the Supreme Court." (Emphasis supplied.)

The controlling rule is that in the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *State v. Brohimer*, 238 Neb. 45, 468 N.W.2d 623 (1991). See, also, *In re Interest of Powers, ante* p. 19, 493 N.W.2d 166 (1992).

An opinion of a single judge of the Court of Appeals is obviously not an opinion of the Court of Appeals, and thus, just as obviously, § 24-1104 does not provide this court with jurisdiction to order its publication. Neither does authority exist for publication in the absence of such an order.

This is as it should be, for while a single-judge opinion provides a review of a suppression order in a particular case, the opinion does nothing more than memorialize the single judge's analysis and order. See *State v. White*, 220 Neb. 527, 371 N.W.2d 262 (1985) (opinion of single judge of Nebraska Supreme Court neither binding upon Supreme Court nor available to be cited as precedent).

Since, in like fashion, Neb. Rev. Stat. § 24-1107 (Cum. Supp. 1992) provides that "after the *Court of Appeals* has issued *its* decision in a case, any party to the case may petition the Supreme Court for further review" (emphasis supplied), neither does this court have jurisdiction to review an opinion of a single judge of the Court of Appeals.

Accordingly, we dismiss the recommendation.

PUBLICATION RECOMMENDATION DISMISSED.