SPEIDELL MONUMENTS, INC., AND W. J. TRUMP MEMORIALS,
APPELLANTS, V. WYUKA CEMETERY ET AL., APPELLEES.

493 N.W.2d 336

Filed December 31, 1992.   No. S-90-171.

Dick H. Hartsock for appellants.

Mark M. Schorr, of Erickson & Sederstrom, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

In their fourth amended petition, plaintiffs Speidell Monuments, Inc., and W.J. Trump Memorials, both Nebraska corporations, sought a permanent injunction against defendants Wyuka Cemetery, the trustees of Wyuka Cemetery, Wyuka Memorials, and Giebelhaus Memorials (hereafter collectively referred to as Wyuka). The injunction sought would have enjoined defendants "from continuing the practice of or engaging in the business of the advertising, distributing and

selling of [grave] markers and monuments." Defendants admitted the allegations of plaintiffs' petition as to the various parties; specifically denied the other allegations of the petition; and pled certain affirmative defenses, including the allegations that Wyuka's activities, complained of by plaintiffs, were specifically authorized by Neb. Rev. Stat. §§ 12-101 to 12-105 (Reissue 1991).

The case was tried on an agreed stipulation of facts. The trial court entered its written order and dismissed plaintiffs' petition. Plaintiffs timely appealed. In this court, plaintiffs assign four errors, which may be consolidated into one, contending that the trial court erred in holding that Wyuka, a public corporation, has the implied power to sell grave monuments and markers. We affirm.

According to the stipulations and pleadings, Wyuka is a public charitable corporation governed by a board of trustees. Wyuka was created in 1869 by the Nebraska Legislature and has operated as a cemetery in Lincoln, Nebraska, since that time. In April 1987, Wyuka began selling burial markers and monuments. Plaintiffs are private corporations engaged in the business of selling such monuments and markers, including sales in the Wyuka Cemetery. Plaintiffs made such sales both before and after Wyuka sold such items.

The controlling statutes in this case are §§ 12-101 to 12-105. Section 12-101 states in part:

(1) The cemetery in Lincoln, Nebraska, known as Wyuka Cemetery, is hereby declared to be a public charitable corporation. The general control and management of the affairs of such cemetery shall be vested in a board of three trustees who shall serve without compensation and who shall be a body corporate to be known as Wyuka Cemetery, with power to sue and be sued, to contract and to be contracted with, acquire, hold, and convey both real and personal property for all purposes consistent with the provisions of sections 12-101 to 12-105, and to have the power of eminent domain to be exercised in the manner provided in section 12-201.

In an appeal of an equity action, an appellate court tries the factual questions de novo on the record and reaches a

conclusion independent of the findings of the trial court, provided, where the credible evidence is in conflict on a material issue of fact, the appellate court will consider and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Waite v. A. S. Battiato Co.*, 238 Neb. 151, 469 N.W.2d 766 (1991); *Citizens State Bank v. Jennings State Bank*, 236 Neb. 307, 461 N.W.2d 78 (1990). In this case, there are no issues of fact in question because the parties stipulated to the facts on which the case was tried. In an appeal of an equity action where the facts are stipulated, there is no conflict in the evidence and an appellate court renders its independent conclusion on the same facts on which the trial court based its decision. The only question on review in this case is whether the trial court was correct, as a matter of law, in ruling that §§ 12-101 to 12-105 authorize the sale of grave monuments and markers by Wyuka.

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Sorensen v. City of Omaha*, 230 Neb. 286, 430 N.W.2d 696 (1988). See *State v. Katzman*, 228 Neb. 851, 424 N.W.2d 852 (1988).

In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning. When the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *State v. Brohimer*, 238 Neb. 45, 468 N.W.2d 623 (1991).

The powers expressly granted to Wyuka include the right of the management and general control of the cemetery. Section 12-101 empowers Wyuka to "acquire, hold, and convey both real and personal property for all purposes consistent with the provisions of sections 12-101 to 12-105." Wyuka contends that § 12-101 specifically grants to Wyuka the "express authority to sell [burial] markers and monuments." Brief for appellees at 2. We do not agree with that assertion, but that does not conclude the case.

We hold that while § 12-101 does not expressly grant to Wyuka the power to sell markers and monuments, Wyuka does

have the implied and incidental powers and authority to sell such grave markers and monuments.

Section 12-101 provides that Wyuka may "contract and . . . be contracted with, acquire, hold, and convey both real and personal property for all purposes consistent with the provisions of sections 12-101 to 12-105." Section 12-103 provides in part: "The trustees shall set aside a part of the purchase price of each burial lot sold, for the permanent maintenance of said cemetery, to be invested in any of the investments authorized by the provisions of section 30-3201." It is clear the Legislature intended for Wyuka, as a corporation, to generate revenues from the operation of the cemetery and to invest those revenues as authorized by the State.

In *Nelson-Johnston & Doudna v. Metropolitan Utilities District*, 137 Neb. 871, 291 N.W. 558 (1940), we held that the power granted to Metropolitan Utilities District (MUD) to supply gas and water to the city of Omaha and surrounding areas included the right of MUD to sell gas appliances to the community. Nelson-Johnston & Doudna had challenged MUD's sales of appliances, contending that such sales were outside the powers of MUD. We stated in *Nelson-Johnston & Doudna*:

> When a municipal corporation engages in a business enterprise which is reasonably necessary to the performance of its public duty, or which materially advances it, or even where the enterprise merely affords the public greater convenience in the use of the municipality's facilities, the participation in such an enterprise is, by the weight of authority, held to be a power implied from or incidental to its expressly granted powers.
>
> . . .
>
> . . . If a municipal corporation legally acquires a public utility plant, with the right to operate it for the benefit of its inhabitants, it would likewise acquire by implication the right to do all the things that a private owner might do in order to economically and efficiently furnish to the citizen the product in which he deals.

*Id*. at 876-77, 291 N.W. at 561.

We hold that Wyuka, a public charitable corporation created

by statute, should be treated in the same manner as MUD in the *Nelson-Johnston & Doudna* case. Applying the *Nelson-Johnston & Doudna* rule to the facts in this case, we hold that where a public charitable corporation acquires property with the right to operate that property for the benefit of the public, the corporation will acquire by implication the right to do all the things a private owner might do in order to economically and efficiently furnish to the public the services in which the corporation deals.

We hold that the specific authority granted to Wyuka to sell personal property includes the right to sell grave markers and monuments. Such sales by Wyuka materially advance Wyuka's ability to perform its statutory duties in that the sales contribute to Wyuka's continued operations and afford to the public convenience in the use of Wyuka facilities. While Wyuka could not sell automobiles for profit in its business, Wyuka has the right to sell personal property so closely connected to its cemetery operation as grave markers and monuments. The judgment of the trial court is affirmed.

AFFIRMED.

FAHRNBRUCH, J., not participating.