REQUESTED BY: Carolyn K. Stitt, Executive Director Foster Care Review Board
Is the Youth Services System of Lincoln (Freeway Station) Required to Report the Private Placements of Youths by Their Parents at its Facility to the State Foster Care Review Board?
No.
I. Background
The Foster Care Review Act was enacted by the Nebraska Legislature in 1982. The primary objective of the Act was to provide for periodic review of "cases of children who have resided in public or private foster care for a period of more than six months to determine what efforts have been made by the supervising agency or child-caring institution to carry out the plan for rehabilitation or permanent placement." 1982 Neb. Laws LB 714, Introducer's Statement of Intent.
Persons promoting the new legislation believed that the foster care system in both Nebraska and the rest of the nation was in serious disarray. There was evidence that a number of children placed in foster care were being "lost in the system." Children were being placed in a foster home or other child-caring agency and either forgotten by case workers and the courts or were moved often between foster homes so as to destroy any sense of permanency. Additionally, it was felt that neither the social services agency nor the courts were adequately monitoring the progress of children placed in foster care. See 1982 Committee Records, Public Health and Welfare, LB 714, January 19, 1982, pp. 62-65. In short, there was no plan to address either the short or long-term needs of the children placed in foster care.
In response to this problem, Congress passed the 1980 Child Welfare Act. Public Law 96-272. This Act authorizes the states to create a method for citizen review of foster care for children. States such as South Carolina and Arizona had effective and successful citizen review boards currently in operation when this Act was passed. Such citizen review was seen as a valuable way to further the best interests of children in Foster care. Thus, with federal authorization and effective models to pattern the program after, the Nebraska Legislature created the Foster Care Review Board with the purpose of oversight and the periodic evaluation of children placed in the foster care system. See 1982 Neb. Laws LB 714, pp. 8816-8819.
II. Facts
The Youth Services System of Lincoln (Freeway Station) is a licensed child-caring facility located in Lincoln, Nebraska. The facility takes placement of children from the courts, Department of Social Services, and by individual parents. It is this last category of placements that is at issue in this Opinion.
III. Discussion
In determining whether Freeway Station is compelled to report the purely private placement of children by their parents to the Foster Care Review Board, it is necessary to answer two questions: (1) whether Freeway Station is a child placement agency and (2) if not, does another part of the Act require Freeway Station to report the purely private placements.
1. Is Freeway Station a child placement agency within the Foster Care Review Act. Neb. Rev. Stat. §43-1301 through 43-1320 (Cum. Supp. 1992). Neb. Rev. Stat. § 43-1303 (Cum. Supp. 1992) requires every court and child-placing agency to report any foster care placement within three working days to the State Board. Thus, the first question to ask is whether Freeway Station is a child-placing agency.
A child-placing agency, for purposes of the Foster Care Review Act, is given the definition found in Neb. Rev. Stat. § 71-1902 (1990). Neb. Rev. Stat. §43-1301(9) (Cum.Supp. 1992). Neb. Rev. Stat. §71-1902(4) states, "child-placing agency shall mean an organization which is authorized by its articles of incorporation and by its license to place children in foster family homes." Freeway Station does not fall under this definition.
Freeway Station is not authorized by its articles of incorporation to place children in foster care. Additionally, they are licensed only as a child-caring agency and not a child placement agency. Freeway only receives children for out-of-home care from the courts, Department of Social Services, or individual parents. They then provide 24 hour care and other services for the children placed with them. The child-placing agencies which are included in Neb. Rev. Stat. § 71-1902(4) are those which are licensed by the Department of Social Services to accept children from the court or individual parents who wish to place their child up for adoption or in foster care. These agencies then go on to place these children in private or public foster homes and monitor the progress of these children.
Freeway Station has no power through their articles of incorporation to place children in public or private foster care. Also, they are only licensed to accept children for out-of-home care. Therefore, they are not a child-placing agency within Neb. Rev. Stat. § 71-1902(4) and 43-1301(9).
Since Freeway Station is not a child-placing agency, it is necessary to explore the entire Foster Care Review Act to see if they may still be subject to its reporting requirements.
2. Is Freeway Station required by any other portion of the Foster Care Review Act to report the private placement of children by parents with their facility?
The heart of this issue is whether the placement of children by parents, without any intervention by the courts, is covered under the Foster Care Review Act.
Given the basic principles of statutory construction and the natural and superior rights of parents to have custody and control of their children, it is the opinion of this office that purely private placements of children by their parents, without court intervention, are not covered by the Foster Care Review Act. Therefore, Freeway Station is not compelled to report purely private placements to the Foster Care Review Board. A. Basic Principles of Statutory Construction.
In construing statutes, all parts of the act relating to the same subject shall be considered together and not each by itself Beatrice Manor, Inc. v. Department of Health,219 Neb. 141, 362 N.W.2d 45 (1985) and State v. Jennings,195 Neb. 434, 238 N.W.2d 477 (1976). Also, in the absence of anything to the contrary, statutory language will be given its plain and ordinary meaning. Speidell Monuments, Inc. v. Wyuka Cemetery, 242 Neb. 134, 493 N.W.2d 336 (1992). When the entire Foster Care Review Act is considered, the plain and ordinary meaning of the language used in the Act require a court adjudication or voluntary relinquishment of custody pursuant to adoption for the Foster Care Review Board to have jurisdiction over out-of-home placements of children.
Neb. Rev. Stat. § 43-1303 (1992 Cum. Supp.) is the provision which deals with the reporting requirement to the State Foster Care Review Board. From the plain meaning of the language, it would appear that only a court or child placement agency is compelled by this section to report foster care placements to the State Board. As put forth in section I above, Freeway Station is not a child placement agency but rather is a child caring agency. Furthermore, since the placements at Freeway Station at issue in the current opinion are not those pursuant to a court order, such placements are not required to be reported to the State Board. In fact, the majority of the statutes in the Foster Care Review Act contemplate some type of court action in relation to the State Foster Care Review Board. See Neb. Rev. Stat. § 43-1311 (1988) (deals with removal pursuant to Neb. Rev. Stat. § 43-284, court ordered removal); Neb. Rev. Stat. § 43-1312 (1988) (court ordered plan); Neb. Rev. Stat. § 43-1313 (1992 Cum. Supp.) (court must review foster care placement every six months); and Neb. Rev. Stat. § 43-1314 (1992 Cum. Supp.) (right of the State Foster Care Review Board to participate in the review of foster care placement by the courts). The sum total of all of these statutes taken together clearly indicates that court intervention is required prior to the State Foster Care Review Board having jurisdiction.
Furthermore, given the natural and superior rights of parents to have custody and control of their children, this office will not implicitly read jurisdiction into the statute without an express grant of authority to the Foster Care Review Board to intrude upon the parents rights. This is consistent with the principal of statutory construction described by the latin phrase "expressio unius est exclusio alterius," which means the enumeration of certain powers implies the exclusion of all others not fairly incident to those enumerated. Hueftle v. Eustis Cemetery Association,171 Neb. 293, 106 N.W.2d 400 (1961). Since the statute which requires the court and child placing agencies to report foster care placements to the State Foster Care Review Board does not include a child caring agency such as Freeway Station, this office will not implicitly interpret such powers.
It may be argued that the broad and sweeping definitions found in Neb. Rev. Stat. § 43-1301(4) (1992 Cum. Supp.) include the type of placements at issue. However, § 43-1301 clearly limits the extent of the powers that the definition section has. Section 43-1301
states, "for purposes of the Foster Care Review Act, unless the context otherwise requires:" (emphasis added) the caveat contained in the first sentence of this section clearly limits the extent that the definitional portion has on the remaining sections of the Act. Where the specific provision does not expressly include the private placements at issue, the context dictates a definition other that that found in § 43-1301(4). It is the opinion of this office that the reporting requirements found in § 43-1303 taken in its plain language and in context with remaining statutes does not include the type of placements at issue. Therefore, without court intervention or a voluntary relinquishment of parental rights pursuant to adoption, this office will not extend the Foster Care Review Board jurisdiction to purely private placements at issue.
B. Natural and Superior Rights of Parents.
Furthermore, it is the opinion of this office that the natural and superior rights of parents should not be intruded upon without explicit authority.
The Supreme Court of the United States has explicitly recognized parent's natural and superior rights to have custody and control over the upbringing of their children. Stanley v. Illinois, 92 S. Ct. 1208, 405 U.S. 649,31 L.Ed.2d 551 (1972). The right to conceive and to raise ones children has been deemed "essential" Meyer v. Nebraska,262 U.S. 390, 399, 43 S. Ct. 625, 626, 67 L.Ed. 1042 (1923), and has received considerable protection under the United States Constitution and from the courts. See Meyer v. Nebraska, supra, Skinner v. Oklahoma, 316 U.S. 535, 62 S. Ct. 1110,86 L.Ed. 1655 (1942); and Griswold v. Connecticut, 381 U.S. 479,85 S. Ct. 1678, 14 L.Ed.2d 510 (1965) (Goldberg, J., concurring). Although parental rights are not absolute or inalienable, (Cornhusker Christian Childrens Home, Inc. v. Department of Social Services of State of Nebraska, 227 Neb. 94,416 N.W.2d 551 (1987), appeal dismissed 109 S. Ct. 298,488 U.S. 919, 102 L.Ed.2d 317) they are not to be lightly set aside in favor of the state or third parties unless the parent is shown to be unfit or to have relinquished custody. In re Interest of L.J., 220 Neb. 102, 368 N.W.2d 474 (1985) and Nielsen v. Nielsen, 207 Neb. 141, 296 N.W.2d 483
(1980). Thus for the Foster Care Review Board to have jurisdiction over a child placed in out-of-home care, there must have been a court adjudication establishing that the parent is unfit and thereby removing the child from the custody of the parents or a voluntary relinquishment of custody by the parents pursuant to adoption. Furthermore, voluntary relinquishment requires more than the placement of a child in child caring facilities such as Freeway. Relinquishment of parental rights contemplates adoption procedures and court intervention. The type of private placements at issue here are not such a relinquishment of rights pursuant to adoption nor has there been a court adjudication making the child a ward of the court or of the state. Therefore, this office will not interpret the Nebraska Foster Care Review Act to give jurisdiction to the Foster Care Review Board over such purely private placements thereby intruding upon the superior and natural parental rights.
Youth Services System of Lincoln (Freeway Station) is not required to report purely private placement to the Foster Care Review Board because it is not a child-placement agency within the Foster Care Review Act, is not covered under any other provision of the Act, and the natural rights of parents to conceive and raise one's children are superior to the interests asserted by the Foster Care Review Board in this circumstance.
Sincerely,
DON STENBERG Attorney General
Royce N. Harper Senior Assistant Attorney General 15-02-14.op
Approved by: ______________________________ Attorney General