STATE OF NEBRASKA, APPELLANT, V. BYRON MARCH, APPELLEE.
STATE OF NEBRASKA, APPELLANT, V. SHIREEN D. TYMA, APPELLEE.

622 N.W. 2d 694

Filed January 30, 2001.   Nos. A-00-445, A-00-764.

Douglas L.˙Warner, Deputy Scotts Bluff County Attorney, Benjamin S. Shaver, and Brian J. Lockwood for appellant (case No. A-00-445).

James R. Mowbray and Kelly S. Breen, of Nebraska Commission on Public Advocacy, for appellee (case No. A-00-445).

Jack Zitterkopf for appellant (case No. A-00-764).

Robert Wm. Chapin, Jr., and Charles Maser, of Bradley Maser, for appellee (case No. A-00-764).

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges (case No. A-00-445).

HANNON, SIEVERS, and MOORE, Judges (case No. A-00-764).

SIEVERS, Judge.

These two cases were previously before a single judge of this court under Neb. Rev. Stat. § 29-824 (Cum. Supp. 1998), whereby the State may appeal a suppression order of the trial

court to a single judge of this court. See, *State v. Tyma*, No.
A-00-764, 2000 WL 1673125 (Neb. App. Oct. 31, 2000) (not
designated for permanent publication); *State v. March*, No.
A-00-445, 2000 WL 1252056 (Neb. App. Sept. 5, 2000) (not
designated for permanent publication). A single-judge opinion
was issued in each case, reversing the suppression order of the
respective district courts involved, Scotts Bluff and Hall
Counties. The cases were remanded for further proceedings.
Byron March and Shireen D. Tyma have now filed motions for
rehearing. While the initial cases were single-judge cases, the
question raised now is whether a motion for rehearing is a
proper procedure in a single-judge case involving suppression of
evidence. We see this as a procedural and jurisdictional matter,
which should be addressed by a published opinion of this court.
Thus, the motions have been submitted to two different panels
of this court, but we only issue this one opinion.

The Nebraska Supreme Court and Court of Appeals Rules
of Practice provide the mechanism and procedure for motions
for rehearing, and Neb. Ct. R. of Prac. 1A (rev. 2000) specifi-
cally provides in part as follows: "Time. A motion for rehearing
and· brief in support must be filed within 10 days after the
release of the opinion of *the court* or the entry of the order of *the
court* disposing of the appeal." (Emphasis supplied.)

Thus, the question becomes whether a single-judge opinion is
an opinion or order of "the court." In *State v. Chambers*, 242
Neb. 124, 493 N.W.2d 328 (1992), the Supreme Court was
asked to determine whether a single-judge opinion from the
Court of Appeals should be designated for permanent publica-
tion. The case arose at an earlier time when the statutes provided
that only those opinions approved for publication by the
Supreme Court would be designated for permanent publication.
While that has changed, the court's opinion in *Chambers* is
directly relevant to the question before us.

The *Chambers* court held that "[a]n opinion of *a single
judge* of the Court of Appeals is obviously not an opinion of the
*Court of Appeals*." (Emphasis supplied.) *Id.* at 125, 493 N.W.2d
at 329. The Supreme Court also noted that it lacked jurisdiction
to review a single-judge opinion on a petition for further review,
because the statutes governing petitions for further review pro-

vide that a party may petition for such review " 'after the Court of Appeals has issued its decision in a case . . . .' " (Emphasis omitted.) *Id.* at 126, 493 N.W.2d at 329. In addition, § 29-824 (Cum. Supp. 2000), which governs appeals by the State from district court orders granting suppression, specifically provides that "[u]pon conviction after trial the defendant may on appeal challenge the correctness of the order by the [single] judge." In short, if a single judge of the Court of Appeals reverses a suppression order and there is a conviction, the defendant has a right to appeal to a three-judge panel of this court, at which time he or she may reassert the matter of the suppression as error before that three-judge panel. If unsuccessful before the panel, the defendant may ask the Supreme Court for further review of the conviction, where the suppression issue can be raised again.

■ Relying on *State v. Chambers, supra,* as well as rule 13, we conclude that an opinion of a single judge of this court is not an opinion of "the court," and therefore a motion for rehearing is not appropriate.

Therefore, we conclude that the motions for rehearing filed by March and Tyma in these cases are not statutorily authorized pleadings, nor is such a procedure authorized by court rule or precedent. The motions are, therefore, nullities. Thus, the clerk of this court shall forthwith issue the mandates to the respective district courts in these cases, and the motions for rehearing are hereby ordered stricken.

MOTIONS FOR REHEARING STRICKEN.