STATE OF NEBRASKA, APPELLEE, V. NILE OSTERMAN, APPELLANT.

250 N. W. 2d 654

Filed February 23, 1977. No. 40849.

W. Gerald O'Keif, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Defendant appeals from an order revoking his probation and sentencing him to a flat term of 10 years in the Nebraska Penal and Correctional Complex. Defendant essentially alleges two assignments of error. (1) He argues his plea of guilty to the original offense was not a voluntary one. (2) He attacks the sentence as excessive. We affirm.

Pursuant to a plea bargain, defendant entered a plea of guilty to first-degree arson. The plea bargain involved the dismissal of a second count of grand larceny. On May 22, 1975, defendant was placed on probation for 5 years. No appeal was taken from that sentence. On December 18, 1975, defendant was found to be in violation of probation for possession of a firearm and for conviction of assault. After a presentence investigation, defendant was sentenced to 10 years in the Penal Complex.

Section 25-1912, R. R. S. 1943, requires that an appeal from a final order be taken within 1 month. The order placing defendant on probation was a final and appealable order. See State v. Longmore, 178 Neb. 509, 134 N. W. 2d 66 (1965). In State v. Williams, 194 Neb. 483, 233 N. W. 2d 772 (1975), we held where an appeal was not taken from an order of probation the question of the voluntariness of the original guilty plea could not be considered. No appeal was taken herein from the sentence of 5 years probation, so State v. Williams, *supra,* is controlling.

The only issue properly before this court is whether the sentence imposed is excessive. Section 29-2268, R. R. S. 1943, provides that upon revocation of probation the court may impose such new sentence as might have been imposed originally for the crime for which defendant was convicted. Section 28-504.01, R. R. S. 1943, provides for a term of not less than 2 years or more than 20 years upon conviction for the crime of first-degree arson.

The sentence imposed was a sentence of 10 years which under section 83-1,105(2), R. S. Supp., 1976, in actuality is an indeterminate sentence of from 2 to 10 years. We have repeatedly held that a sentence imposed within statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of discretion. State v. Overstreet, *ante* p. 625, 250 N. W. 2d 246 (1977).

Defendant was shown a great deal of leniency when he was placed on probation. He had given a statement to the authorities to the effect that he had stolen $1,400 from his employer's residence and set fire to the house to cover up the crime. His past record showed several arrests and convictions for no-fund checks. He served 8 months in the Nebraska Penal and Correctional Complex in 1965, following conviction on two counts of issuing no-fund checks. On November 4, 1975, defendant pled guilty to assault and was sentenced to 90 days in the county jail. It is evident that the defendant was unable to rehabilitate himself on probation. There has been no abuse of discretion herein.

The judgment is affirmed.

AFFIRMED.