STATE OF NEBRASKA, APPELLEE, V. GERALD E. JACOBSON, APPELLANT.

379 N.W.2d 772

Filed January 17, 1986.   No. 85-392.

John C. Kinney of Ryan & Scoville Law Office, for appellant.

Robert M. Spire, Attorney General, and Timothy E. Divis, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

This appeal questions which law applies to a criminal sentencing following revocation of probation: the penal statute in effect at the time of the original sentence to a term of probation, or that which is effective at the time of sentencing following the revocation.

On November 18, 1980, following a plea of guilty, defendant was convicted of driving while intoxicated, third offense, a violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1978). The penalty then prescribed for that felony offense was up to 5

years' imprisonment, a 1-year suspension of driving privileges, and a fine of up to $10,000. On January 7, 1981, defendant was sentenced to a term of probation for 60 months.

In November of 1984 defendant was convicted in Iowa and sentenced for a driving while intoxicated offense. On the basis of that violation, the district court for Dakota County, following a plea of guilty, revoked defendant's probation.

Defendant was sentenced on May 7, 1985, to a term of imprisonment of from 18 months to 5 years. He was given no credit for time served in jail prior to sentencing. He had been arrested and held in jail by Nebraska authorities from March 21, 1985, until the date of sentencing.

At the time of the present sentencing, § 39-669.07 (Reissue 1984) had been amended, effective in 1982. It now provides that driving while intoxicated is a Class W misdemeanor, with penalties for third offense of 3 to 6 months in jail, a $500 fine, and a lifetime suspension of driving privileges.

Defendant assigns as error: (1) Sentencing under the 1978 statute, which was greatly in excess of that permitted by the 1982 amendment; (2) The failure of the court to give him credit for presentencing jail time; and (3) The failure of the State to meet its burden on enhancement for sentencing purposes.

Although we find no merit to either the first or third assignment of error, the record discloses, and the State concedes, that defendant must be given credit for jail time. Therefore, we affirm the judgment and sentence of the district court, but modify the sentence to provide for credit of 48 days previously served in jail.

The defendant argues that under the doctrine laid down by *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971), *cert. denied* 403 U.S. 909, 91 S. Ct. 2217, 29 L. Ed. 2d 686, and the provisions of Neb. Rev. Stat. § 29-2204.01 (Reissue 1979), he should have been sentenced under the amended law, with the maximum term of imprisonment limited to 6 months.

*Randolph* provides that whenever a criminal statute is amended by mitigating the punishment after the commission of a prohibited act but before final judgment, the punishment shall be that provided by the amendatory act. Section 29-2204.01 requires the discharge from confinement of any

person who has served the maximum period of confinement provided for that crime by any later statutory amendment.

Although recognizing the factual distinction between that section and the facts of this case, the defendant argues his conclusion by analogy. However, we rejected the same arguments in *State v. Peiffer*, 212 Neb. 864, 326 N.W.2d 844 (1982), and concluded that a defendant convicted and sentenced before the law was amended, but whose appeal was pending at the time of such amendment, was not entitled to have *Randolph* or § 29-2204.01 apply so as to become the beneficiary of the alleged ameliorating provisions of § 39-669.07, as amended.

The fact that the act which furnished the basis for probation revocation, as well as the actual order of revocation and sentencing thereof, occurred after the law was amended is of no consequence. Upon revocation of probation the court may then impose on the offender such punishment as might have been imposed originally for the crime of which such defendant was convicted. Neb. Rev. Stat. § 29-2268(1) (Reissue 1979). The district court was correct in sentencing defendant under the 1978 law.

There is no merit to defendant's third assignment of error relating to enhancement. The finding of the district court that this was in fact a third offense was made at the time of the original sentence to a term of probation in 1981. A sentence of probation is a final and appealable order from which an appeal must be taken within 1 month. *State v. Osterman*, 197 Neb. 727, 250 N.W.2d 654 (1977). The defendant cannot now base an appeal on any error alleged to have occurred more than 4 years ago.

The judgment and sentence of the district court were correct, except as modified herein, and they are affirmed.

AFFIRMED AS MODIFIED.

CAPORALE, J., dissenting.

I dissent for the reasons set forth in my dissenting opinion in *State v. Peiffer*, 212 Neb. 864, 326 N.W.2d 844 (1982).

KRIVOSHA, C.J., joins in this dissent.