STATE OF NEBRASKA, APPELLEE, V. ROBERT R. PAINTER,
APPELLANT.
394 N.W.2d 292
Filed October 3, 1986.    Nos. 86-303, 86-304.

Michael T. Brogan, for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The two cases involved in this appeal have been consolidated for briefing and argument and will therefore be treated by us as one. In case No. 86-303, the appellant, Robert R. Painter, claims that the sentence imposed is not valid because, while he was convicted of aiding and abetting the commission of a theft, the journal entry recites that he was sentenced for burglary. In case No. 86-304, Painter maintains that the district court erred in ordering his sentence for sexual assault of a child to be served consecutively to the sentence imposed in case No. 86-303, because both sentences arose out of the same facts. We believe that both contentions are without merit and must be overruled.

In July of 1982 Painter was charged with aiding and abetting the commission of a theft by unlawful taking or disposition in violation of Neb. Rev. Stat. § 28-511 (Reissue 1985), a Class IV felony. On October 6, 1982, he was sentenced to a term of probation subject to various conditions imposed by the sentencing court, including the condition that Painter shall "[r]efrain from unlawful conduct." In January of 1986, while

still on probation and obviously in violation of that condition, Painter was charged with sexually assaulting a child, a Class IV felony. Subsequently, he pled guilty to this charge. By reason of his having committed this subsequent felony, a motion was filed to revoke his probation on the basis that he had engaged in unlawful conduct, in violation of one of the conditions of probation. Painter admitted he violated the condition of the probation, and, accordingly, his probation was revoked. He was then sentenced to a term of not less than 20 months nor more than 5 years in prison in connection with the conviction for having sexually assaulted the child. The court further proceeded to sentence him for the earlier crime, aiding and abetting the commission of a theft. The sentence imposed for the commission of that crime was also not less than 20 months nor more than 5 years in prison. As part of the second sentence, the court ordered that it was to be served consecutively to the first sentence imposed for his having sexually assaulted a child.

Specifically, Painter maintains that "[t]he district court erred in imposing consecutive sentences for the child assault offense and the probation violation offense when both counts arose out of the same incident and required identical elements of evidence to prove the offenses." Painter is simply in error in this regard. In order to convict him of the sexual assault of a child, it was necessary for the State to establish that he subjected another person, 14 years of age or younger, to sexual contact and that at the time he was at least 19 years of age or older. See Neb. Rev. Stat. § 28-320.01 (Reissue 1985). The second sentence imposed was for aiding and abetting the commission of a theft rather than for violating his probation. The factual basis therefore is not the same as in the sexual assault case.

Neb. Rev. Stat. § 29-2266(1) (Reissue 1985) provides in part:
Whenever a probation officer has reasonable cause to believe that a probationer has violated or is about to violate a condition of his probation, but that the probationer will not attempt to leave the jurisdiction, and will not place lives or property in danger, the probation officer shall submit a written report to the sentencing court with a copy to the county attorney of the county where probation was imposed.

Neb. Rev. Stat. § 29-2267 (Reissue 1985) then provides in part:

Whenever a motion or information to revoke probation is filed, the probationer shall be entitled to a prompt consideration of such charge by the sentencing court. The court shall not revoke probation or increase the requirements imposed thereby on the probationer, except after a hearing upon proper notice where the violation of probation is established by clear and convincing evidence.

Neb. Rev. Stat. § 29-2268(1) (Reissue 1985) provides: "If the court finds that the probationer did violate a condition of his probation, it may revoke the probation and impose on the offender such new sentence as might have been imposed *originally for the crime of which he was convicted.*" (Emphasis supplied.)

It seems clear beyond question that the violation of probation is not itself a crime, but merely a mechanism which may trigger the revocation of a previously granted probation. Once the court determines that a condition of the probation has been violated and that the probation should be revoked, § 29-2268(1) clearly provides that the court is to impose a *new* sentence for the crime of which the defendant was *originally convicted.* In Painter's case that crime was not violating his probation but, rather, aiding and abetting the commission of a theft. Each crime, therefore, does not arise out of the same facts, and Painter's first assignment of error must therefore be overruled.

His second assignment of error likewise is without merit. While it is true that the journal entry in this case recites "IT IS THEREFORE ORDERED that for the offense of Burglary as alleged in the Information, the defendant is sentenced to the Nebraska Penal and Correctional Complex . . ." the record makes it clear beyond question that the sentencing judge recognized and understood that he was sentencing the defendant for having committed the crime of aiding and abetting the commission of a theft. The bill of exceptions discloses that the district judge specifically said to the defendant, "I am of the opinion that the conviction for aiding and abetting theft by unlawful taking would warrant a different

sentence . . . ." Moreover, the district judge further stated, "[I]t will be the judgment of the court that, this being a Class IV felony, that the defendant be and hereby is sentenced to an indeterminate term of not less than 20 months nor more than five years . . . ." Aiding and abetting the commission of a theft of the property involved in this case is indeed a Class IV felony, while burglary is a Class III felony. Cf. Neb. Rev. Stat. §§ 28-511 and 28-518(2) with § 28-507 (Reissue 1985). The evidence disclosed in the bill of exceptions therefore corrects whatever error exists in the journal entry. In the case of *State v. Schroder*, 218 Neb. 860, 867, 359 N.W.2d 799, 805 (1984), we said: " '[W]hile a recital in a journal entry appearing in the transcript is presumptively true, an affirmative showing in the bill of exceptions that it is not true prevails over the presumption.' " See, also, *Waite v. State*, 169 Neb. 113, 98 N.W.2d 688 (1959). The evidence contained within the bill of exceptions clearly and affirmatively establishes that Painter was sentenced for aiding and abetting the commission of a theft and not for burglary, and, therefore, the error contained in the journal entry is of no consequence. For that reason the second assignment of error must likewise be overruled and the conviction and sentences imposed by the district court affirmed in all respects.

AFFIRMED.