STATE OF NEBRASKA, APPELLEE, V. DENNIS SELL, APPELLANT.
508 N.W.2d 273

Filed November 24, 1993.   Nos. S-93-213, S-93-214, S-93-215.

Scott H. Trusdale, of Trusdale & Trusdale, P.C., for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

WHITE, J.

Dennis Sell appeals from a district court order denying his motion for resentencing in accordance with the Convicted Sex Offender Act, Neb. Rev. Stat. §§ 29-2922 to 29-2936 (Cum. Supp. 1992).

Appellant is currently serving three separate sentences. In sentencing appellant in each of those cases, the court applied the sexual sociopath law and found appellant to be an untreatable sexual sociopath. In 1983, the Legislature repealed the sexual sociopath law and enacted the mentally disordered sex offender act, Neb. Rev. Stat. §§ 29-2911 to 29-2921 (Reissue 1989). Appellant was resentenced and found to be a "Mentally Disordered Sex Offender, presently untreatable." His current sentences range from $3^1/_3$ years' imprisonment to life imprisonment, and he has been incarcerated for the past 17 years.

In 1992, the Legislature enacted the Convicted Sex Offender Act. The Convicted Sex Offender Act repealed the laws under which appellant was last sentenced, the mentally disordered sex offender act. Appellant filed a motion for resentencing on January 4, 1993. Appellant contends that he should be resentenced pursuant to the Convicted Sex Offender Act.

The district court denied appellant's motion. The court stated that although the new law did not expressly exclude appellant from the effects of the statute, a review of the legislative history and the various sections supported the conclusion that appellant was not entitled to be resentenced. The court stated that only two classes of persons who had been sentenced before the new statute was enacted were affected by its passage: those persons already receiving treatment and those persons awaiting treatment. See § 29-2934. The court found that appellant fell into neither category because he is neither receiving nor awaiting treatment.

Appellant argues that the district court erred when it failed to find that the Convicted Sex Offender Act applied to appellant, when it did not resentence appellant pursuant to the act, and when it did not find that the act violated the due process clause of both the state and federal Constitutions because it fails to provide for persons classified as untreatable.

Statutory interpretation is a question of law, in connection with which an appellate court is obligated to reach conclusions independent of those reached by the trial court. *Universal Assurors Life Ins. Co. v. Hohnstein*, 243 Neb. 359, 500 N.W.2d 811 (1993); *State v. Saulsbury*, 243 Neb. 227, 498 N.W.2d 338 (1993); *Sorensen v. City of Omaha*, 230 Neb. 286, 430 N.W.2d 696 (1988). However, we agree with the district court and affirm the order denying appellant's motion for resentencing. The new statute does not apply to persons classified as untreatable or presently untreatable. Moreover, the fact that the statute fails to address the category of inmates to which appellant has been found to belong does not give rise to the relief that he seeks.

We do agree, however, that appellant's status as "presently untreatable" may be subject to review. However, the Convicted Sex Offender Act is not the appropriate means of attaining such relief. See *State v. Little*, 199 Neb. 772, 261 N.W.2d 847 (1978).

AFFIRMED.

SHANAHAN, J., not participating.