STATE OF NEBRASKA, APPELLEE, V. RANDALL D. WRAGGE,
APPELLANT.

524 N.W.2d 54

Filed November 18, 1994.    No. S-93-897.

John C. Vanderslice for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

CAPORALE, J.

The district court had adjudged the defendant-appellant, Randall D. Wragge, guilty of attempted first degree sexual assault for an act he committed on June 12, 1989, and had placed him on probation. Wragge thereafter drank alcohol, in violation of a condition of the probation; as a consequence, the district court revoked the probation and sentenced him to imprisonment for a period of 5 to 6 years "under [the Convicted Sex Offender Act, Neb. Rev. Stat. § 29-2922 et seq. (Cum. Supp. 1994)] which would permit treatment of [Wragge]." Wragge then appealed to the Nebraska Court of Appeals, asserting (1) that as the Convicted Sex Offender Act did not exist at the time of the 1989 offense, it could not be applied to him, and (2) that the sentence imposed was excessive. The Court of Appeals affirmed the judgment of the district court, *State v. Wragge*, 94 NCA No. 23, case No. A-93-897 (not designated for permanent publication). Wragge then successfully petitioned for further review by this court. We now modify, and as modified affirm, the judgment of the Court of Appeals.

As a result of his conduct in 1989, Wragge pled no contest to attempted first degree sexual assault, a violation of Neb. Rev. Stat. §§ 28-201 and 28-319(1)(c) (Reissue 1989), which brought into play the then-existing mentally disordered sex offender act, formerly Neb. Rev. Stat. § 29-2911 et seq. (Reissue 1989).

Two psychiatrists and one psychologist determined that Wragge had no mental disorder and therefore was not a mentally disordered sex offender. While the district court did not explicitly find whether Wragge was or was not such a sex offender, it did so implicitly by not sentencing him as such.

By the time Wragge violated his probation on or about April 6, 1993, the mentally disordered sex offender act had been replaced by the Convicted Sex Offender Act, § 29-2922 et seq. (Cum. Supp. 1994), 1992 Neb. Laws, L.B. 523; Neb. Const. art. III, § 27.

In connection with the first assignment of error, Wragge argues that ex post facto considerations constitutionally prohibit the application of the Convicted Sex Offender Act to him. However, we do not reach that claim, for the matter is resolved in Wragge's favor statutorily.

Although Wragge failed to make the statutory argument, it is within the reach of his assignment of error, and we elect to consider the omission of the argument as plain error under the rule that an appellate court may, at its option, consider plain error. Such an error is one which is plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Flye*, 245 Neb. 495, 513 N.W.2d 526 (1994); *State v. Ristau*, 245 Neb. 52, 511 N.W.2d 83 (1994); Neb. Rev. Stat. § 25-1919 (Cum. Supp. 1994).

This court has an obligation to ascertain the meaning of a statute independently and without regard for a lower court's decision, since statutory interpretation is a question of law. *State v. Sell*, 244 Neb. 618, 508 N.W.2d 273 (1993); *State v. Saulsbury*, 243 Neb. 227, 498 N.W.2d 338 (1993); *State v. Katzman*, 228 Neb. 851, 424 N.W.2d 852 (1988).

In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning. When the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *State v. Flye, supra*; *State v. Chambers*, 242 Neb. 124, 493 N.W.2d 328 (1992); *State v. Stein*, 241 Neb. 225, 486 N.W.2d 921 (1992).

In general, the Convicted Sex Offender Act provides for the

treatment of convicted sex offenders by the Department of Public Institutions and provides for the imposition of various penal alternatives. §§ 29-2925 through 29-2933. (One found guilty of attempted first degree sexual assault is defined as a convicted sex offender. § 29-2923(2).) Further, it specifies how to deal with those previously committed as mentally disordered sex offenders. § 29-2934. However, it is silent with respect to those previously convicted of a sexual offense but determined not to be mentally disordered. Thus, under the maxim that a statute which specifies the object of its operation excludes therefrom every object not expressly mentioned (expressio unius est exclusio alterius), we conclude that the Convicted Sex Offender Act does not apply to the latter category of previously convicted sex offenders. See, *State Bd. of Ag. v. State Racing Comm.*, 239 Neb. 762, 478 N.W.2d 270 (1992); *Nebraska City Education Assn. v. School Dist. of Nebraska City*, 201 Neb. 303, 267 N.W.2d 530 (1978). Cf. *Curry v. State ex rel. Stenberg*, 242 Neb. 695, 496 N.W.2d 512 (1993) (fact activity not specifically covered by one provision does not, in and of itself, necessarily mean activity not covered by more general provision).

Furthermore, Neb. Rev. Stat. § 29-2268(1) (Reissue 1989) provides that if an offender violates a condition of probation, the court "may revoke the probation and impose on the offender such new sentence as might have been imposed originally for the crime of which he was convicted." The violation of probation is not itself a crime; rather, the statute provides a mechanism whereby the previous probation is revoked and the court may impose a new sentence for the crime for which he was originally convicted. See *State v. Painter*, 223 Neb. 808, 394 N.W.2d 292 (1986).

Accordingly, one whose probation is revoked is subject to sentencing under the statute in effect at the time of conviction. *State v. Jacobson*, 221 Neb. 639, 379 N.W.2d 772 (1986). The court can impose such sentence as it could have imposed originally for the crime. *Id.*; *State v. Osterman*, 197 Neb. 727, 250 N.W.2d 654 (1977); *State v. Williams*, 194 Neb. 483, 233 N.W.2d 772 (1975).

Thus, in *Jacobson, supra*, we held that the trial court was

correct in sentencing a probationer who had violated his probation under the version of the driving while intoxicated statute in effect at the time of the offense.

Likewise, in *Painter*, 223 Neb. at 810, 394 N.W.2d at 294, we proclaimed that once a court determines that a probation violation has occurred and probation should be revoked, "§ 29-2268(1) clearly provides that the court is to impose a *new* sentence for the crime of which the defendant was *originally convicted*." (Emphasis in original.)

Consequently, the first assignment of error is meritorious.

At the time of the 1989 offense, former § 29-2914 provided that one determined not to be a mentally disordered sex offender was to be sentenced as provided by law for the offense committed. Under the provisions of §§ 28-201 and 28-319(1)(c), the attempted first degree sexual assault constituted a Class III felony, punishable by imprisonment for a period of 1 to 20 years, Neb. Rev. Stat. § 28-105 (Reissue 1989). Thus, the sentence imposed is well within the limits set by statute. The longstanding and consistently applied rule is that a sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Wood*, 245 Neb. 63, 511 N.W.2d 90 (1994); *State v. Philipps*, 242 Neb. 894, 496 N.W.2d 874 (1993).

Even without considering Wragge's other convictions, in view of the facts that he had been convicted of a sexual offense prior to the 1989 offense and has failed to adhere to the condition of the probation arising out of the latter offense, it cannot be said the district court abused its discretion in sentencing Wragge as it did.

The second assignment of error is therefore without merit.

Accordingly, we modify the sentence imposed by the district court by vacating the portion thereof which subjects Wragge to the provisions of the Convicted Sex Offender Act and, as so modified, affirm the judgment of the Court of Appeals.

AFFIRMED AS MODIFIED.