STATE OF NEBRASKA, APPELLEE, V. NICHELLE K. GLOVER,
APPELLANT.

535 N.W.2d 724

Filed August 8, 1995. No. A-94-1151.

Frank E. Robak, Sr., of Robak & Springer, for appellant.

Don Stenberg, Attorney General, and James A. Elworth for appellee.

SIEVERS, Chief Judge, and IRWIN and MUES, Judges.

MUES, Judge.

Nichelle K. Glover appeals the sentence imposed following her plea of guilty to the charge of unlawful possession of cocaine with intent to deliver, arguing that her sentence must either be reduced or the cause must be remanded for resentencing because the district court's advisement at sentencing pursuant to Neb. Rev. Stat. § 29-2204 (Cum. Supp. 1994) incorrectly informed her of the minimum term she must actually serve before becoming eligible for parole.

## FACTS

On March 3, 1993, Glover accepted a package delivered by United Parcel Service (UPS), knowing it contained cocaine. The police department was alerted to the contents of the

package when a UPS employee opened the package as part of a standard procedure to substantiate an incorrect address and observed a plastic baggie containing a quantity of suspected narcotics. After Glover signed for and accepted the package, police executed a no-knock search warrant and arrested Glover. Tests performed on the substance verified that it was, in fact, 173.1 grams of crack cocaine.

Glover entered a plea of guilty on September 23, 1994, to the amended charge of unlawful possession with intent to deliver, a Class II felony, in violation of Neb. Rev. Stat. § 28-416 (Cum. Supp. 1992). This offense carries an authorized penalty of 1 to 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 1989). At the sentencing hearing on November 3, 1994, the trial judge sentenced Glover as follows: "[Y]ou are to be confined in the Women's Correctional Facility for a term of one and three-quarters to two and a half years. On the low end, you will serve about nine months. And the upper end, you will serve one and one-fourth." Glover subsequently perfected this appeal.

## SCOPE OF REVIEW

■ A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994); *State v. Martin*, 246 Neb. 896, 524 N.W.2d 58 (1994); *State v. Wragge*, 246 Neb. 864, 524 N.W.2d 54 (1994).

■ Statutory interpretation is a question of law. *Wragge, supra.*

## ANALYSIS

On appeal, Glover argues that her sentence must be reduced or that the case must be remanded for resentencing due to the district court's failure to correctly inform her of the minimum term she will actually serve under Nebraska's "truth in sentencing" laws, pursuant to § 29-2204, before becoming eligible for parole. Section 29-2204 provides in relevant part:

(1) . . . [I]n imposing an indeterminate sentence upon an offender, the court shall:

(a) Fix the minimum and maximum limits of the sentence to be served within the limits provided by law . . . ;

(b) Advise the offender on the record the time the offender will serve on his or her minimum term before attaining parole eligibility assuming that no good time for which the offender will be eligible is lost; and

(c) Advise the offender on the record the time the offender will serve on his or her maximum term before attaining mandatory release assuming that no good time for which the offender will be eligible is lost.

*If any discrepancy exists between the statement of the minimum limit of the sentence and the statement of parole eligibility or between the statement of the maximum limit of the sentence and the statement of mandatory release, the statements of the minimum limit and the maximum limit shall control the calculation of the offender's term.*

(Emphasis supplied.) A committed offender can receive 1 day of "good time" credit for each day served to reduce his or her sentence. Neb. Rev. Stat. § 83-1,107(1) (Reissue 1994).

The district court sentenced Glover to 1¾ to 2½ years' imprisonment, or 21 to 30 months. This sentence is clearly within the statutory limits. In instructing Glover that "[o]n the low end, [she would] serve about nine months" and on "the upper end, [she would] serve one and one-fourth" years, the trial court was obviously attempting to comply with the requirements of § 29-2204. The court substituted the phrase "on the low end" as an abbreviation for "the time [Glover] will serve on . . . her minimum term before attaining parole eligibility assuming that no good time for which [she] will be eligible is lost" and the phrase "the upper end" instead of reciting "the time [Glover] will serve on . . . her maximum term before attaining mandatory release assuming that no good time for which [she] will be eligible is lost." Glover does not challenge the brevity of the court's language.

The court correctly informed Glover regarding the time she would serve on the maximum term before eligibility for release. However, it erroneously informed her that she would serve 9 months on her minimum term of sentence before becoming eligible for parole, when, in fact, she will not be eligible for parole under the minimum sentence of 21 months until she has actually served 10½ months, assuming no loss of good time.

See § 83-1,107(1). Glover argues that "[t]his error misled [her] as to the actual time she would spend in the correctional facility," violating "the very reason 'Truth in Sentencing' was promulgated." Brief for appellant at 4. Glover contends that the remedy for this misstatement is that the 21-month term of her minimum sentence must be reduced to 18 months to conform with the pronouncement of the court which was required by § 29-2204(1) or, in the alternative, that she should be resentenced.

There is an obvious inconsistency between the court's statement of minimum time before parole eligibility, 9 months, and the minimum limit of the sentence imposed, 21 months, which requires her to serve 10½ months before becoming eligible for parole. However, as is evident from the emphasized portion of § 29-2204 quoted earlier in this opinion, the statute plainly provides that in the event of such discrepancy, the court's statement of the minimum limit of the sentence controls. In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning, and when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *State v. Wragge*, 246 Neb. 864, 524 N.W.2d 54 (1994); *State v. Flye*, 245 Neb. 495, 513 N.W.2d 526 (1994). Pursuant to § 29-2204, if any discrepancy exists between the statement of the minimum limit of the sentence and the statement of parole eligibility, the statement of the minimum limit shall control the calculation of the offender's term. Therefore, the court's statement of Glover's minimum sentence of 21 months controls the calculation of Glover's term, which then determines her parole eligibility. A misstatement of parole eligibility cannot be used to "bootstrap" a reduced term of sentence.

Glover was sentenced to an indeterminate sentence, and the minimum and maximum limits were clearly fixed at 21 and 30 months, respectively. That sentence was not unclear and was not misleading. The meaning of a sentence is, as a matter of law, determined by the contents of the sentence itself. *State v. McNerny*, 239 Neb. 887, 479 N.W.2d 454 (1992). The trial judge's incorrect statement regarding time for parole eligibility

was not part of the sentence and does not evidence ambiguity in the sentence imposed.

 Finally, although Glover contends she was "misled" by the trial court's erroneous statement regarding the minimum time she would serve before parole eligibility, she has failed to demonstrate any prejudice resulting from this error. To establish reversible error, a defendant must demonstrate that the trial court's action prejudiced or otherwise adversely affected a substantial right of the defendant. See *State v. Rodriguez*, 244 Neb. 707, 509 N.W.2d 1 (1993). There can be no suggestion that the misstatement in any way led to Glover's plea which, by necessity, preceded the misstatement. Moreover, nothing in the record indicates the trial judge would have sentenced her differently had he not miscalculated the good time and parole eligibility date. Upon our review of the record, we find that Glover has suffered no prejudice.

Glover's assignments of error are without merit.

AFFIRMED.