# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1618

_____

Lawrence E. Lupien,

        Appellee,

v.

Harold W. Clarke, Director of the
Nebraska Department of Correctional
Services,

        Appellant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Nebraska.

_____

Submitted: December 13, 2004
Filed: March 31, 2005

_____

Before WOLLMAN, LAY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Harold W. Clarke, Director of the Nebraska Department of Correctional Services ("DCS"), appeals an order of the district court granting habeas corpus relief to Lawrence Lupien. The DCS argues that the district court erroneously based its grant of habeas relief on an interpretation of Nebraska law that is in direct conflict with the Nebraska Court of Appeals' determination of the same issue. We agree, and therefore reverse.

I.

On August 13, 1997, Lupien pled *nolo contendere* in Nebraska state court to delivery of marijuana and conspiracy to deliver marijuana. [Red 6, Appellee's App. 4, 9] Under Nebraska law, these crimes are classified as Class III felonies and carry punishments of between one and twenty years in prison. Neb. Rev. Stat. §§ 28-416 (delivery), -202(4) (conspiracy), -105 (classification of penalties). Lupien was sentenced on October 7, 1997, to a maximum of ten years' imprisonment for each offense of conviction, but the parties dispute whether the judge also imposed a different minimum term of imprisonment.

At the time of Lupien's sentencing, Nebraska used a bifurcated sentencing regime, under which prisoners subject to so-called "indeterminate sentences" were eligible for parole, while those subject to "determinate sentences" were not eligible for parole. 1998 Neb. Att'y Gen. Op. 98013, 1998 WL 65250, at *3 (Feb. 17, 1998). Indeterminate sentences under Nebraska's system were those in which the court imposed different minimum and maximum terms of imprisonment. *State v. Wilson*, 546 N.W.2d 323, 332 (Neb. Ct. App. 1996). Determinate sentences, by contrast, were those in which the minimum and maximum terms of imprisonment were the same, *see Johnson v. Clarke*, 603 N.W.2d 373, 377 (Neb. 1999), or in which the sentencing court stated only one term of imprisonment. Neb. Rev. Stat. § 29-2204(1)(a) (Reissue 1995);[1] *Johnson*, 603 N.W.2d at 377.

---

[1] Section 29-2204 has since been amended to reinstate indeterminate sentencing by operation of law. *See* Neb. Rev. Stat. § 29-2204 (2004); *State v. Urbano*, 589 N.W.2d 144, 158 (Neb. 1999). This amendment is not at issue in this case because it did not take effect until July 1, 1998, well after Lupien's sentencing, and its provisions have not been applied retroactively. *See Johnson*, 603 N.W.2d at 377-78.

In sentencing Lupien, the state district judge made the following statements:

> On Count I, you're sentenced to ten years in the Nebraska Penal and Correctional Complex and on Count II,[2] you're sentenced to 10 years in the Nebraska Penal and Correctional Complex. Count II to be served consecutive to Count I.
>
> . . . .
>
> Now, the law requires me to tell you what that means. The mandatory minimum amount of time that is to be served on a ten-year sentence is six years on two of them, that would be 12 years total time with good time statutory credit, and you will also receive whatever time you have served previous to this date in connection with these matters as a credit. Your parole eligibility will be in six years.

The Order of Commitment issued after Lupien's sentencing provided that Lupien was to "be imprisoned in the Nebraska Penal and Correctional Complex for a term of 10 years" on each count. Lupien did not appeal his conviction or sentence.

Lupien was sentenced under Nebraska's "truth in sentencing" law, which the Nebraska legislature enacted in 1993. *See Johnson*, 603 N.W.2d at 377. At the time of Lupien's sentencing, DCS apparently was uncertain whether prisoners subject to determinate sentences were eligible for parole; the department sought guidance from the Office of the Nebraska Attorney General on the issue in 1998. The Attorney General then issued an opinion that a defendant serving a determinate sentence was ineligible for parole. *See* 1998 WL 65250, at *3.

Nine days later, the DCS published a memorandum informing prisoners subject to determinate sentences of their ineligibility for parole. *See State v. Lupien*, No. A-

---

[2]The sentencing court later corrected its references to Count II, which should have been to Count III.

00-025, 2001 WL 485420, at *3 (Neb. Ct. App. May 8, 2001) (unpublished opinion) ("*Lupien*"). On the same day, the Nebraska Board of Parole ("Board") informed Lupien that he would be eligible for parole in August 1998. *Id*. On August 3, 1999, the Board retracted its earlier statement, notifying Lupien that it had deferred review of his parole until August 19, 2007, the first date of Lupien's eligibility for release pursuant to the DCS memorandum. *See id*.

After receiving the Board's retraction, Lupien brought a motion for post-conviction relief in state court, alleging that he was illegally sentenced under Nebraska law, and in violation of *ex post facto* principles. The state district court denied relief, and the Nebraska Court of Appeals affirmed, rejecting Lupien's arguments that the sentencing court had implicitly imposed a minimum term of imprisonment (thus making his sentence indeterminate) when the court made statements concerning Lupien's parole eligibility. *Id*. at *3. The state appellate court reviewed the sentencing court's pronouncements and concluded that "when the court imposed only one term of years, namely 10 years for each conviction, Lupien's sentence was determinate." *Id*. at *5. The court determined that the balance of the sentencing court's oral statement, regarding time for parole eligibility, "was not part of the sentence imposed." *Id*. at *6.

Having concluded that Lupien's sentence was determinate, the court of appeals decided that he was not subject to an *ex post facto* application of the law. Because determinate sentences were permitted under Nebraska law at the time of Lupien's sentencing, the court held that he "was sentenced pursuant to the sentencing statutes then in effect and ex post facto principles are not implicated." *Id*. at *7.

Lupien then petitioned for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254. In his habeas petition, Lupien alleged that his sentence had been imposed in violation of state law. The district court granted relief on a different theory. The court concluded that because the Nebraska sentencing court

stated that "[t]he mandatory minimum amount of time to be served on a ten-year sentence is six years on two of them," the sentencing court had "articulated a minimum term," and thus imposed an *indeterminate* sentence. (Add. at 6). The district court concluded that the sentencing court's written order, which merely stated a term of imprisonment of "10 years" on each count with no minimum term, was inconsistent with the sentence announced orally in court. The district court reasoned that under Nebraska law, a sentence announced in open court controls over a subsequent written order or judgment, so that Lupien's sentence must be considered indeterminate. The court then held that because "the legal effect of the sentence as pronounced in open court by the sentencing judge conflicts with the subsequent execution of that sentence by [Lupien's] custodian, DCS," the Director of DCS "thereby violated ex post facto principles." (Add. at 14). On this basis, the court granted a writ of habeas corpus and declared void any order or memorandum that construed Lupien's minimum prison term as 10 years.

## II.

Under 28 U.S.C. § 2254(d), habeas corpus relief is appropriate with respect to state prisoners only if a state court's adjudication of the prisoner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if such an adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). State court factual findings are "presumed to be correct," and this presumption can be rebutted only by clear and convincing evidence. *Id*. § 2254(e)(1). We review the facts underlying a district court's grant of habeas relief for clear error, and its legal determinations *de novo*. *Colvin v. Taylor*, 324 F.3d 583, 586 (8th Cir.), *cert. denied*, 540 U.S. 851 (2003).

The *Ex Post Facto* Clauses of the Constitution prohibit, *inter alia*, "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Stogner v. California*, 539 U.S. 607, 612 (2003) (quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798)); *see also Lynce v. Mathis*, 519 U.S. 433, 441 & n.13 (1997). Lupien argues that DCS's treatment of his sentence as determinate rather than as indeterminate retrospectively increased the punishment imposed by the state court judge and thereby violated the *Ex Post Facto* Clause. The DCS maintains that Lupien's sentence was determinate all along, and that the Nebraska Court of Appeals authoritatively decided this question in considering Lupien's post-conviction motion. *See Lupien*, 2001 WL 485420, at *6. The parties do not dispute that if Lupien's sentence as pronounced by the sentencing judge was determinate, then he was never eligible for parole, and the *Ex Post Facto* Clause is not implicated by the Order of Commitment and DCS's subsequent actions.

Determinations of state law made by a state court are binding on a federal court in habeas proceedings. *Bounds v. Delo*, 151 F.3d 1116, 1118 (8th Cir. 1998); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991). We may not review questions of state law that have been decided by a state court, "even under the deferential standard of 28 U.S.C. § 2254(d)." *Lee v. Gammon*, 222 F.3d 441, 443 (8th Cir. 2000). As the Supreme Court has emphasized, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Johnston v. Luebbers*, 288 F.3d 1048, 1056 (8th Cir. 2002).

In this case, the Nebraska Court of Appeals held that Lupien's sentence was determinate, and that legal conclusion is binding in these federal habeas proceedings. In Lupien's post-conviction proceeding, the state court of appeals quoted the remarks of the state court judge in sentencing Lupien, 2001 WL 485420, at *1, and

characterized the judge's comments regarding a minimum amount of time to be served as "statements regarding parole eligibility." *Id.* at *6. The court observed that it previously had interpreted the language of section 29-2204 to mean that a sentencing court's "'statement regarding time for parole eligibility was not part of the sentence.'" *Id.* (quoting *State v. Glover*, 535 N.W.2d 724, 727 (Neb. Ct. App. 1995)). The court then held that because "the sentencing court's statement regarding time for parole eligibility was not part of the sentence imposed, it does not render the sentence invalid." *Id.* The court specifically addressed the question of determinacy, holding that "when the court imposed only one term of years, namely 10 years for each conviction, Lupien's sentence was determinate." *Id.* at *5. This express resolution of the nature of Lupien's sentence stands in irreconcilable conflict with the district court's conclusion that Lupien "received an indeterminate sentence on October 17, 1997." (Add. at 6).

Lupien contended at oral argument that the determinacy or indeterminacy of his sentence was a mixed question of fact and state law that may be re-examined in a federal habeas corpus proceeding. Even if a determination concerning the nature of Lupien's sentence could be characterized as a "mixed" question of law and fact, however, it would not be subject to review by a federal court. As the Supreme Court explained in an analogous situation with respect to a state death penalty statute, "[e]ven if a determination under Arizona's narrowing construction could be characterized as a 'mixed' question of law and fact, any such determination would nevertheless remain a question of state law, errors of which are not cognizable in federal habeas proceedings." *Lewis v. Jeffers*, 497 U.S. 764, 782-83 (1990) (internal citation omitted).

A "factual issue," of course, would be susceptible to limited review in this habeas proceeding. *See* 28 U.S.C. § 2254(e)(1). But the asserted question of fact identified by Lupien – whether the "plain statement" of the sentencing court that Lupien would serve a "mandatory minimum" of six years meant that Lupien's

sentence was indeterminate – is not a "factual issue" within the meaning of § 2254(e). That section, which was formerly codified at § 2254(d), applies to "basic, primary, or historical facts: facts in the sense of a recital of external events and the credibility of their narrators," and to certain other issues where resolution "depends heavily on the trial court's appraisal of witness credibility and demeanor." *Thompson v. Keohane*, 516 U.S. 99, 110-11 (1995) (internal quotations omitted). There is no dispute in this case about historical facts or matters that turn on appraisal of witness credibility or demeanor. The words spoken and written by the sentencing court are undisputed, and the only point of dispute is the legal effect of the judge's words. That is a question of state law on which the decision of the Nebraska Court of Appeals is dispositive.

As a matter of state law decided by the Nebraska courts, Lupien received a determinate sentence on October 17, 1997. Under Nebraska law in effect at that time, the determinate sentence made him ineligible for parole. Thus, the subsequent state actions treating his sentence as one for which parole is unavailable did not retroactively increase the punishment for Lupien's crimes. Without such an increase in punishment, there was no violation of the *Ex Post Facto* Clause. Accordingly, the district court's order granting a writ of habeas corpus is reversed, and the case is remanded for entry of an order denying Lupien's petition under 28 U.S.C. § 2254.

———————————————