Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/24/2020 09:08 AM CST

State of Nebraska, appellee, v.
Jason D. Roberts, appellant.
___ N.W.2d ___

Filed November 1, 2019.    No. S-18-1196.

1. **Moot Question: Jurisdiction: Appeal and Error.** Because mootness is a justiciability doctrine that operates to prevent courts from exercising jurisdiction, appellate courts review mootness determinations under the same standard of review as other jurisdictional questions.
2. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.
3. **Moot Question: Appeal and Error.** An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination.
4. ____: ____. When determining whether a case involves a matter of public interest, an appellate court considers (1) the public or private nature of the question presented, (2) the desirability of an authoritative adjudication for future guidance of public officials, and (3) the likelihood of future recurrence of the same or similar problem.

Appeal from the District Court for Pierce County: James G. Kube, Judge. Appeal dismissed.

Melissa A. Wentling for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Papik, J.

Jason D. Roberts was convicted of a felony offense in one district court and multiple felony and misdemeanor offenses in another. His sentences in both courts included terms of incarceration and terms of postrelease supervision and were ordered to be served consecutively. After Roberts had served the incarceration portion of his sentences and had been released, the State filed a motion in one court alleging that he had violated the terms of his postrelease supervision and asking that his postrelease supervision be revoked. The district court did so and ordered that he serve the entirety of the time remaining on his postrelease supervision term in jail. Roberts appeals, contending that the court ordered him to serve more time in jail than was permitted by law.

At this point, however, Roberts has completely served his sentence. The parties agree that this renders Roberts' appeal moot. And although Roberts asks that we nonetheless decide the merits of his appeal under exceptions to the mootness doctrine, we decline to do so and dismiss the appeal.

## BACKGROUND

*Roberts' Convictions and Sentences.*

In April 2016, Roberts was sentenced in the district court for Madison County for possession of morphine. The court sentenced him to 364 days in jail plus 9 months' postrelease supervision. His sentence was ordered to run consecutive to any sentence imposed or being served in other cases.

Two months later, in June 2016, Roberts was sentenced in the district court for Pierce County for his convictions of driving under suspension, reckless driving, and two counts of child abuse. For these convictions, the court imposed an aggregate sentence of 394 days in jail, 18 months' postrelease supervision, and a 1-year suspension of his driver's license. Again, the court ordered that his sentence be served consecutively to any sentences imposed or being served in other cases.

Roberts did not appeal his convictions or sentences.

Roberts served the Madison County jail term and then the Pierce County jail term. He was released on June 18, 2017, and began serving postrelease supervision. Nine months later, in an order filed March 21, 2018, the district court for Madison County released Roberts from postrelease supervision for the Madison County conviction, effective March 18.

*Revocation of Postrelease Supervision.*

On April 10, 2018, the State charged Roberts in the district court for Pierce County with violating the terms of his postrelease supervision for the Pierce County convictions. The State alleged that Roberts' 18-month term of postrelease supervision for those convictions began on March 18 and that Roberts had violated the terms of that postrelease supervision in multiple respects shortly thereafter. The State asked that the court revoke Roberts' postrelease supervision and sentence him accordingly.

In response, Roberts filed an "Objection & Motion to Determine the Term of Post-Release Supervision." In it, he asserted that the term of postrelease supervision for the Pierce County sentence should have begun upon his release from the incarceration portion of that sentence on June 18, 2017, and end on December 18, 2018. He pointed to language in the district court's June 2016 journal entry that "[f]ollowing release from incarceration, [Roberts] is hereby sentenced to 18 months of Post-Release Supervision." He also suggested that if the court revoked his postrelease supervision, it was prohibited by statute from imposing a term of incarceration extending beyond December 18, 2018. The court held a hearing on Roberts' motion in which his counsel stated that "you can't have consecutive terms of post-release supervision."

The district court issued a written order rejecting Roberts' position. It explained that the two sentences were ordered to be served consecutively and that, in that situation, the terms of postrelease supervision run consecutively. Accordingly, the district court reasoned, Roberts' term of postrelease supervision for the Pierce County sentence did not begin until he had

served the term of postrelease supervision for the Madison County conviction and was thus scheduled to end 18 months later on September 18, 2019.

The district court later found Roberts had violated the terms of postrelease supervision. It revoked his postrelease supervision and ordered him to serve the time remaining on his term of postrelease supervision in jail with a release date of September 18, 2019. Roberts filed a timely appeal of this order.

Prior to oral argument, we issued an order directing the parties to be prepared to address whether the appeal was moot in light of the fact that Roberts was scheduled to complete his sentence on September 18, 2019. At oral argument, the parties confirmed that Roberts has completely served his sentence.

## ASSIGNMENT OF ERROR

Roberts assigns one error on appeal. He contends that the district court erred by ordering him to remain in jail until September 18, 2019, as a consequence of violating conditions of postrelease supervision.

## STANDARD OF REVIEW

[1,2] Because mootness is a justiciability doctrine that operates to prevent courts from exercising jurisdiction, we review mootness determinations under the same standard of review as other jurisdictional questions. *State ex rel. Peterson v. Ebke*, 303 Neb. 637, 930 N.W.2d 551 (2019). A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Id.*

## ANALYSIS

Under the version of Neb. Rev. Stat. § 29-2268(2) (Reissue 2016) that was in effect at the time Roberts' postrelease supervision was revoked, if a district court finds that an individual

serving a term of postrelease supervision has violated a condition of postrelease supervision, it may revoke the postrelease supervision and order the offender to a term of imprisonment "up to the remaining period of post-release supervision." But, see, 2019 Neb. Laws, L.B. 686, § 8 (amending "remaining" to "original" in § 29-2268(2), effective September 1, 2019). The sole issue on appeal is whether the district court ordered Roberts to serve too much time in jail when it found he violated conditions of his postrelease supervision and ordered that he be incarcerated until September 18, 2019.

By the time this case reached us, however, Roberts had completely served his sentence and had been released. This raises a question of whether this appeal should be dismissed as moot.

An action becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of the litigation. See *State ex rel. Peterson v. Ebke, supra*. A moot case is one which seeks to determine a question which does not rest upon existing facts or rights or in which the issues presented are no longer alive. See *id.* The central question in a mootness analysis is whether a change in circumstances during the course of the litigation has made it impossible for the court to provide any meaningful relief. See *id.* We have applied these principles to hold that, generally, an appeal of a conviction is moot when a criminal defendant has completely served his or her sentence. See *State v. Patterson*, 237 Neb. 198, 465 N.W.2d 743 (1991). See, also, *Al-Ameen v. Frakes*, 293 Neb. 248, 876 N.W.2d 635 (2016) (holding appeal of dismissal of petition for writ of habeas corpus was moot because at time of appeal, petitioner was no longer in custody).

The parties agree that because Roberts has completely served the sentence at issue, this appeal is moot. They disagree, however, as to whether we should reach the merits of his appeal. The State argues we should dismiss the appeal without addressing the merits. Roberts argues that we should address

the merits by way of the public interest exception to the mootness doctrine.

[3,4] An appellate court may choose to review an otherwise moot case under the public interest exception if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination. *Bramble v. Bramble*, 303 Neb. 380, 929 N.W.2d 484 (2019). When determining whether a case involves a matter of public interest, we consider (1) the public or private nature of the question presented, (2) the desirability of an authoritative adjudication for future guidance of public officials, and (3) the likelihood of future recurrence of the same or similar problem. *Evertson v. City of Kimball*, 278 Neb. 1, 767 N.W.2d 751 (2009). Roberts argues that this case qualifies because there is a public interest in our clarifying whether courts may, consistent with Neb. Rev. Stat. §§ 29-2204.02(7)(d) and 29-2246(13) (Reissue 2016), order terms of postrelease supervision to run consecutively to each other.

Even if it might be in the public interest for us to determine whether a court may order terms of postrelease supervision to be served consecutively, we do not believe that question is properly before us in this appeal. We have held on several occasions that in an appeal of an order revoking probation, a party may not attack an aspect of their underlying conviction. See, e.g., *State v. Englehart*, 231 Neb. 579, 437 N.W.2d 468 (1989); *State v. Osterman*, 197 Neb. 727, 250 N.W.2d 654 (1977); *State v. Williams*, 194 Neb. 483, 233 N.W.2d 772 (1975). In those decisions, we reasoned that a party wishing to challenge some aspect of his or her underlying conviction must do so in a timely appeal of the conviction.

Roberts' argument in this appeal is not meaningfully different from those we refused to address in *Englehart*, *Osterman*, and *Williams*. He is attempting to challenge an aspect of his original sentence—that the terms of postrelease supervision were to run consecutively—in an appeal of an order revoking his postrelease supervision. We have recognized that

postrelease supervision is a form of probation. See *State v. Dill*, 300 Neb. 344, 913 N.W.2d 470 (2018). And just as allowing parties to challenge their convictions in an appeal of a revocation of probation would allow parties to make an end run around the normal deadline for filing a notice of appeal, so too would allowing parties to challenge their underlying conviction or sentence in an appeal of an order revoking postrelease supervision. Permitting such challenges would also be inconsistent with the "'fundamental principle'" that "'[t]he need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity.'" See *State v. Paulsen, ante* p. 21, 31, 932 N.W.2d 849, 856 (2019).

Because we would not reach Roberts' argument in a case that was not moot, we believe it would be inappropriate to decide its merits via the public interest exception to the mootness doctrine. Accordingly, we dismiss the appeal.

## CONCLUSION

Because Roberts' completion of the sentence at issue has rendered his appeal moot and we do not believe it appropriate to reach the merits of his appeal under an exception to our mootness doctrine, we dismiss the appeal.

APPEAL DISMISSED.

FREUDENBERG, J., not participating.